BREWSTER *v.* BREWSTER
(Two Appeals in One Record)

[No. 140, October Term, 1953.]

*Decided May 21, 1954.*

*Petition for modification as to costs filed by appellee May 27, 1954, and opinion modified May 28, 1954.*

*Petition for modification as to Arkansas decree filed by appellant June 4, 1954, denied June 21, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Stedman Prescott, Jr.,* with whom were *Staley & Prescott* on the brief, for the appellant.

*Robert E. Clapp, Jr.,* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

To be decided here is the effect of an Arkansas divorce, granted a husband who had gone there from Maryland,

upon the right of a Maryland court to enforce its prior decree granting alimony to the wife in her suit for a partial divorce.

The appellant is a lawyer who practices in the District of Columbia. He and his wife, the appellee, maintained a country place in Frederick County where they were registered voters. In April, 1950 he filed suit in the Circuit Court for Frederick County for a divorce on the ground of voluntary separation for the requisite period. The wife filed a cross-bill for divorce *a mensa* on the ground of desertion. Testimony in the case was filed in August of 1950 but no decision was then made because counsel were attempting to work out a property settlement. In February, 1951, counsel for the wife submitted a settlement proposal in writing. Shortly thereafter, the husband's counsel asked that the cause be held in abeyance until the return of his client, who was away from his office. The absence from the office,— stated to be because of a trip to the South on business,— included a stay in Arkansas, where, without the knowledge of his Maryland counsel, the husband filed suit for divorce on May 16, 1951. The wife was notified by mail of the suit in Arkansas, but did not appear in person or by attorney. She informed the Circuit Court for Frederick County of what was in the offing and it enjoined the husband from proceeding in Arkansas and from transferring any assets owned or controlled by him.

On the day of the passage of this order—June 26, 1951 —the chancellor also signed a decree which divorced the wife *a mensa* from the husband and directed him to pay $100.00 a month for the support of the minor child of the parties and $400.00 a month as alimony. These payments were made without question until August, 1953, although on July 2, 1951, the husband had obtained an absolute divorce in Arkansas which did not provide for alimony. The right of the court to award, and enforce the payment of, support for the child is not challenged and its order in this respect has been complied with.

On June 8, 1953, the husband filed a petition in the Circuit Court for Frederick County, stating that his income had been reduced and asking a reduction in alimony. The wife opposed the relief asked and no action was taken on the petition. On October 15 following, the wife advised the court that no alimony had been paid for the months of August, September and October, 1953 and asked that a decree be entered for the money due and that the appellant be held in contempt. An order *nisi* was passed on this petition and the husband filed his answer, which set up his Arkansas divorce, evidenced by a properly exemplified copy of the decree obtained two years before. On November 10, an additional month's alimony having become due, the court entered its decree against the husband for $1,600.00 and ordered him to be held in contempt for failure to comply with its decree of June 26, 1951.

An appeal was taken by the husband from this decree. After the appeal had been noted, the wife filed a petition, asking a fee for her counsel for his services in the appeal and the payment of costs incident thereto. The payment of the fee and costs was ordered by the court. The appellant, on the ground that the obtention of the Arkansas divorce terminated his responsibility for such a fee and the costs, refused to comply with the court's order. The appellee has moved to dismiss the appeal because of this refusal of the appellant.

The appellant contends that the Arkansas divorce decree is entitled to full faith and credit in Maryland, at least until a Maryland Court has held that it is not valid. He urges that since there has been no such determination of a basic lack of jurisdiction by the Arkansas Court, the husband's obligation to pay alimony ceased as of the date of the Arkansas decree, as did his obligation to pay his wife's counsel fee and costs. The appellee counters with the argument that the mere existence of the Arkansas decree, challenged as it has always been and now is, by the wife, as being invalid because the husband was never domiciled in that State, does not

entitle the husband to disobey the earlier Maryland decree. She urges further that, assuming the validity and finality of the Arkansas divorce, the husband can be required by Maryland to pay the sums ordered by its court up until the time the foreign decree was pleaded by him in the Maryland proceedings.

We are confronted by the fact that although the wife contends that she has consistently challenged the validity of the Arkansas divorce, she has never obtained an adjudication that it was invalid, and the chancellor, although saying that he felt the foreign decree to be without binding effect because the husband had no domicile in that State, never so held, because the husband's illness prevented him from testifying and postponed a hearing and decision on the validity. We have then before the Court an exemplified copy of a foreign divorce decree but which has not been judicially impeached. The wife, in effect, urges that her mere challenge to its validity is enough to stay its operation in Maryland, and to deny it full faith and credit until the court acts on her allegations of its invalidity. The husband contends that until it is declared to be invalid by a competent court, it must be presumed to be valid and given full faith and credit. We think the husband is right. The burden of proof is upon the attacker. As was said in *Epstein v. Epstein,* 193 Md. 164, 173, where the wife had obtained a Florida divorce and the husband was attacking it in the Maryland court: "The Florida divorce decree can be collaterally impeached by proof that the court had no jurisdiction, *e.g.*, that defendant had not acquired a domicile in Florida. Plaintiff has the burden of proving that she had not acquired such a domicile. *Williams v. North Carolina, supra* (317 U. S. 287, 63 S. Ct. 207, 87 L. Ed. 279, 143 A. L. R. 1273) ; *Williams v. North Carolina,* 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366; *Rice v. Rice,* 336 U. S. 674, 69 S. Ct. 751; *Slansky v. State,* 192 Md. 94, 63 A. 2d 599." See also *Glenn v. Williams,* 60 Md. 93, 111; *Zimmerman v. Helser,* 32 Md. 274, 278;

*Coane v. Girard Trust Co.,* 182 Md. 577; and *Gullet v. Gullet,* 149 F. 2d 17.

We hold that the wife may not proceed on the basis of the invalidity of the Arkansas decree until she has obtained an adjudication by a court, declaring that it is invalid.

On the assumption that the foreign divorce is valid, it is clear that dissolution of the marriage which it effected ends the right of the Maryland courts to decree alimony. The authorities in different jurisdictions are in conflict as to whether the power to award alimony survives the marriage relationship. Maryland is on the side of those which hold that it does not. In *Staub v. Staub,* 170 Md. 202, the wife obtained an absolute divorce in Arkansas. Later, in the Circuit Court of Baltimore City, she filed a bill of complaint, seeking alimony. The court held that in Maryland alimony is allowable: ". . . only as an incident to the status of marriage . . .", that the status was destroyed by the action of the plaintiff in securing the Arkansas divorce, and the Maryland court was without power to decree alimony. In *Johnson v. Johnson,* 199 Md. 329, Judge Markell said for the Court: "In Maryland the court has no authority to make, change or enforce provision for payment by a former husband to his former wife of alimony . . . or 'suit money' . . . It is immaterial whether the marriage relation was terminated by death, . . . by Maryland divorce, . . . or by a divorce in another state, . . ." See also *Johnson v. Johnson,* 202 Md. 547, and concurring opinion in the latter case at 202 Md. 555.

In urging that the Circuit Court for Frederick County had the power to enforce alimony under the 1951 decree at least until the Arkansas divorce was pleaded by the appellant in late October, 1953, the appellee relies on *Bloedorn v. Bloedorn,* (D. C.) 76 F. 2d 812, *cert.* den. 295 U. S. 746, 79 L. Ed. 1691. There it was held that a husband who had paid his wife only the sums ordered by a Virginia court which had granted a divorce, would be required to pay the additional maintenance previously

ordered by the District Court due for the period between the date of the Virginia decree and the time it was pleaded in the District. The Court held that the Virginia decree could not operate of its own force to extinguish the District of Columbia order. The theory and result in the *Bloedorn* case have not been approved or followed by other courts. In *Rodda v. Rodda* (Ore.) 200 P. 2d 616, the Court ruled that the rights of the wife to support were cut off at the time of the foreign divorce, saying that it preferred to follow the cases that were contrary to the view of the *Bloedorn* case. A similar holding was made in *Jelly v. Jelly* (Mass.) 100 N. E. 2d 681; and in *Rosa v. Rosa,* (Mass.) 5 N. E. 2d 417. See also *Cardinale v. Cardinale* (Cal.) 68 P. 2d 351; *State v. Lynch* (Del.) 28 A. 2d 163; *Shaw v. Shaw* (Ill.) 75 N. E. 2d 411; and Annotation in 1 A. L. R. 2d 1435.

The Maryland rule that after the marriage status has been dissolved, whether by a Maryland divorce or by a foreign divorce, the Maryland court has no power to award or enforce alimony or to deal with matters purely ancillary to the marriage status, leads to the conclusion, which we reach, that the power of the court ceases as of the date of the decree which dissolves the marriage. In *Staub v. Staub, supra,* it is expressly stated that, in the absence of a saving statute, the obligation of the husband to support the wife: ". . . must necessarily end by the passage of a decree effectively dissolving the marriage tie, . . ." In *Johnson v. Johnson, supra,* 202 Md. 547, the payments under the Maryland order were not in arrears and the question we have here was not presented. Nevertheless, the Court, pointing out the split in the authorities, said that it was generally held: ". . . that a final decree terminates an award . . ." The Court in that case also cited with approval *Rodda v. Rodda, supra,* in which it was specifically held, as we have pointed out, that the entry of the foreign decree, without more, terminated the right to financial support.

The motion to dismiss the appeal is denied. This Court has refused to dismiss an appeal in a divorce action for

failure to comply with an order, unappealed from, to pay fees and costs incident to the appeal, entered after the divorce decree. *Sollenberger v. Sollenberger,* **164** Md. 697. In effect, the appeal of the husband from the order of November 10, as to alimony, was an appeal from the order of December 30, as to fees and costs on appeal, since the court's authority to act in both instances depended on whether or not on the record before us the parties were still husband and wife. Since we have held that on the present record, they were not, the lower court was without power to order or compel payment of the fees and costs. *Tome v. Tome,* 180 Md. 31; *Berman v. Berman,* 191 Md. 699, 706; and *Johnson v. Johnson, supra,* 199 Md. 329.

The validity or invalidity of the Arkansas decree remains open for hearing and adjudication by the court below. If it is found invalid the Court may act again as it did in the decree we have reversed and also in relation to the husband's defiance of the order not to proceed in Arkansas. *Wallace v. Wallace* (Pa.), 89 A. 2d 769; *Sivakoff v. Sivakoff,* 111 N. Y. S. 2d 864.

> *Decree reversed and case remanded for further proceedings not inconsistent with this opinion, costs to abide the result.*