PELLE *v.* PELLE

[No. 299, September Term, 1961.]

*Decided June 19, 1962.*

The cause was argued before HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*George H. Eggers,* with whom were *King & Eggers, Arthur V. King* and *Joseph E. Byrne* on the brief, for appellant.

*John J. Mitchell,* with whom were *Theodore L. Miazga* and *Miazga, Miazga & Mitchell* on the brief, for appellee.

EVANS, J., by special assignment, delivered the opinion of the Court.

This appeal stems from a Bill of Complaint for Divorce a Mensa et Thoro, filed 8 January 1960, by the appellant, Marianna Pelle, hereinafter referred to as appellant or wife, in the Circuit Court for Prince George's County. The appellee, Gabriel Pelle, hereinafter called appellee or husband, filed a motion to dismiss, offering an Alabama decree dated 29 September, 1959, as a defense to the Bill. The wife opposed the motion alleging that (1) the Alabama court had no jurisdiction, (2) that the husband had never been domiciled in Alabama, and (3) that the wife's consent to the decree had been obtained through fraud. On a hearing on this motion the court overruled the motion and gave the defendant fifteen days in which to file an answer setting up whatever defenses he might have, including those reasons on which his motion to dismiss was based, and thereafter ordered a full hearing. Before the hearing an amended Bill of Complaint was filed and an answer thereto denying the allegations, and, by way of further answer, cited the Alabama decree.

At the full hearing it was established that the wife was born and raised on a farm in southern Italy; that she had been in this country only a few years, and was unable to read, write, or speak the English language; that she had never had counsel of her own choice prior to the bringing of this proceeding; that she had never been to Alabama; that she had executed a waiver of notice and answer, and a property settlement agreement before a Notary Public in Washington, D. C. before the filing of the proceedings in Alabama; and that these were filed by local counsel in the Alabama proceedings. It was also established that the husband went to Alabama by bus; that he was absent from Maryland only two days; and that he went to Alabama with the intention of returning.

The learned trial judge found that the Alabama court had jurisdiction; that there was insufficient testimony to sustain

the claim that the divorce decree was obtained by fraud on the Alabama court; and that the contention of fraudulent representation by the husband to the wife was not sustained to the satisfaction of the court. Assuming without deciding that the trial judge was correct in his latter two conclusions, we do not agree that the Alabama court had obtained jurisdiction.

The lower court based its decision on the jurisdictional question on the theory that the Alabama court recited in its decree that it had jurisdiction and that the appellant was estopped from attacking this in a collateral proceeding. The trial judge relies on the fact that the wife signed a waiver of notice and answer which was filed in the proceedings by local counsel in Alabama to raise the estoppel.

We do not agree with the conclusion. It is apparent from the record that the wife was never represented by counsel of her own choice before these proceedings were commenced. Neither the attorney before whom she executed the waiver of notice and answer in Washington, D. C., nor the attorney who appeared for her in Alabama was chosen by her. Further, it appears that she never had any contact with the Alabama attorney and didn't even know his name. In all likelihood he was chosen by either the husband or his Alabama counsel. It should also be noted that the waiver of notice and answer was executed by the wife even before the proceedings were filed in Alabama, and the wife did not appear in person before the court or actively participate in the proceedings.

These are not sufficient acts to raise an estoppel. The wife was not a moving party, nor did she act in reliance on the decree; and, because of her inability to read, write, or speak the English language, she did not knowingly aid her husband in procuring the decree. 27B C.J.S. Divorce § 364. See also *Colby v. Colby*, 217 Md. 35, 141 A. 2d 506 (1957). The husband urges, however, that she is estopped because she accepted payments under the property settlement agreement. He seeks to invoke the rule of *Levine v. Levine*, 262 Ala. 491, 80 So. 2d 235 (1955), and see 10 M.L.E. Estoppel § 46, p. 73. The short and obvious answer to this contention is that no payments were tendered until after these proceedings were instituted, and they

were only accepted at that time upon the advice of counsel because, the previous month, the husband had put the wife out of their home and she was desperately in need of financial assistance.

As we find that the wife is not estopped from attacking the jurisdiction of the Alabama court, we must now examine that question. The law of Alabama is well settled. It requires that the plaintiff in a divorce proceeding must be a domiciliary of that State at the time of the commencement of the action if the defendant is a non-resident. Code of Alabama, 1940, Title 34, § 29. *Jennings v. Jennings,* 251 Ala. 73, 36 So. 2d 236 (1948), *Hartigan v. Hartigan,* 272 Ala. 67, 128 So. 2d 725 (1961). In this case the appellee (plaintiff there) admitted that he was absent from Maryland for only two days and that he had no intention of remaining away. This is not sufficient to make him a domicilary of Alabama as he did not acquire an actual residence there with an intent to remain. A change of domicile cannot be inferred from an absence, temporary in character and attended with the intention of returning to Maryland. *Ex Parte Weissinger,* 247 Ala. 113, 22 So. 2d 510 (1945). Cf. *Shapiro v. Marcus,* 211 Md. 83, 124 A. 2d 846 (1955); *Brewster v. Brewster,* 207 Md. 193, 114 A. 2d 53 1954); 8 M.L.E. Domicile §§ 1 and 3.

The appellee also urges that the Alabama decree is entitled to full faith and credit. In discussing a similar contention this Court stated in *Slansky v. State,* 192 Md. 94, 108, 63 A. 2d 599 (1949) that:

> "The law is clear that the State of Maryland has exclusive jurisdiction over its citizens concerning the marriage relation and its dissolution, and therefore has the authority to prohibit them from perpetrating a fraud upon the law of their domicil by temporarily sojourning in another State, and there, without acquiring *bona fide domicil,* procuring a decree of divorce. *Bell v. Bell,* 181 U. S. 175, 21 S. Ct. 551, 45 L. Ed. 804; *Streitwolf v. Streitwolf,* 181 U. S. 179, 21 S. Ct. 553, 45 L. Ed. 807. A decree of divorce is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded, and

domicil is a jurisdictional fact. The State of domiciliary origin is not bound by an unfounded recital in the record of a court of another State. This is especially true in a case where a State is concerned with the vindication of its social policy."

If the wife had personally appeared and participated in the Alabama proceedings, we might well agree with the appellee's contention on this point. *Sherrer v. Sherrer,* 334 U. S. 343, 68 S. Ct. 1087, 92 L. Ed. 1429; *Coe v. Coe,* 334 U. S. 378, 68 S. Ct. 1094, 92 L. Ed. 1451. But as the wife only signed a waiver of notice and answer in the District of Columbia, before these proceedings were filed, we do not feel that this is participation within the rule of these cases. The Supreme Court has not yet decided whether the rule of *Sherrer* and *Coe* is applicable where it is shown that the plaintiff's "residence" has been a sham and the defendant did no more than is present here. We think that it is reasonable to say that relief should not be denied to one challenging the decree on those facts. *Gherardi De Parata v. Gherardi De Parata,* D. C. Mun. App., 179 A. 2d 723 (1962).

As we find that the chancellor was in error in dismissing the Bill of Complaint, the decree will be reversed and the case remanded for further proceedings.

> *Decree reversed and case remanded for further proceedings, costs to be paid by appellee.*