## CLAYTON *v.* CLAYTON

[No. 215, September Term, 1962.]

*Decided March 6, 1963.*

Submitted on the brief to BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

Submitted by *Samuel A. Hearn* for appellant.

No brief and no appearance for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal challenges the authority of the divorce court to award alimony to a wife incident to a decree of divorce on the ground that her husband had another wife living at the time of the marriage. It was alleged, and proved, that the parties were married by a religious ceremony on September 6, 1933, and that there are four children of the marriage. She alleged that she discovered that the appellant had been married on January 24, 1926, to one Adelaide Magruder, although Adelaide obtained a divorce on February 15, 1945. The appellee filed her bill on May 24, 1961. The Chancellor awarded her alimony and support for a minor child. It is conceded that the effect of the decree was to legitimate the children under Code (1957), Art. 16, Sec. 27 and the award of support for the minor child is not challenged.

One of the grounds for a divorce *a vinculo,* set out in Code (1962 Supp.). Art. 16, Sec. 24, is "secondly, for any cause which by the laws of this State, render a marriage null and void ab initio". The purpose and application of this clause are not free from doubt. See the discussion by Strahorn in 2 Md. L. Rev. 211 and 13 Md. L. Rev. 128. But we think it clearly covers the case of bigamy and establishes another prevenient ground of divorce, as distinguished from annulment under Code (1962 Supp.) Art. 16, Sec. 22 (cf. *Fisher, Admrx. v. Demarr,* 226 Md. 509), and formerly available under Code (1957), Art. 62, Sec. 16, repealed by Ch. 36, Acts of 1962, (cf. *Ridgely v. Ridgely,* 79 Md. 298, 304), and now under Rule S76, following a conviction of bigamy under Code (1957) Art. 27, Sec. 18. Whether there could be a bigamy prosecution in the instant case is a question we need not consider. Code (1957), Art. 16, Sec. 3 provides: "In cases where a divorce is decreed, alimony may be awarded".

The appellant argues that under Code (1957), Art. 16, Sec. 2, alimony can only be granted for causes cognizable in the ecclesiastical courts. This section reads: "The courts of equity of this State shall and may hear and determine all causes for alimony, in as full and ample manner as such causes could be heard and determined by the laws of England in the ecclesiastical courts there". The ecclesiastical courts only granted alimony where there was a divorce *a mensa* and the marital status subsisted. Sec. 3 (first adopted by Ch. 262, Acts of 1841) was specifically designed to enlarge the jurisdiction of the equity courts beyond what was conferred by Sec. 2, and to authorize the award of support beyond the scope of historical alimony. The same argument here pressed was made unsuccessfully in *Foote v. Foote,* 190 Md. 171. It was there held that alimony could be allowed (by reading sections 3 and 24 together) incident to a grant of divorce on the ground of voluntary separation, a ground entirely unknown to the ecclesiastical courts or the common law. See also *Hughes v. Hughes,* 216 Md. 374.

The appellant argues, however, that alimony is an incident of marriage and dependent upon that relationship. Hence, when it is judicially determined that there has been no marriage, or in the words of the statute the marriage is null and void ab

initio, he contends that there can be no alimony as defined in such cases as *Staub v. Staub,* 170 Md. 202, 208. The holding in the *Staub* case, however, was that a right to alimony would not survive the dissolution of a marriage, without reservation in the decree. Cf. *Johnson v. Johnson,* 202 Md. 547, 552, 558. It is true that in *Yake v. Yake,* 170 Md. 75, 78, it was said, citing 2 Bishop, *Marriage, Divorce and Separation,* § 855, that alimony "cannot be predicated upon, or granted in consequence of, an annulment of marriage." But in that case the marriage had been annulled on the ground of fraud (the husband, a disabled veteran, claimed to have been insane at the time of the ceremony), and the holding was that a partial assignment of his pension rights was invalid under the Act of Congress (three judges dissenting). In *Townsend v. Morgan,* 192 Md. 168, 173, it was said that "[a] second marriage contracted while a first marriage exists undissolved is a nullity without the passage of any judicial decree declaring it void." But the case is distinguishable on its facts.

The key to the instant case, as we see it, is the legislative declaration that alimony is allowable whenever there is a decree for divorce. We read "alimony" not in the technical sense of the word, but as commensurate with "support". The inclusion of prevenient invalidity as a ground for divorce must be ascribed some meaning, and we think it shows a legislative intent to permit an award of alimony in a proper case. The writers and cases recognize that the problem is one of statutory construction. In the absence of statute, alimony is generally not allowed in any case where the marriage is declared to be null and void ab initio. See 17 Am. Jur. *Divorce and Separation,* § 562; Nelson, *Divorce and Annulment,* (2d ed.) § 31.56. The cases are collected in a note 54 A.L.R. 2d 1410. But by statute in many states, support for the putative wife is allowed in all cases of divorce or annulment. In other states, the same result is reached, by construction of the divorce statutes to permit an award of alimony, even where the ground of divorce is that the marriage is a nullity. See *Jones v. Jones,* 296 P. 2d 1010 (Wash.) and *Eggleston v. Eggleston,* 103 N. E. 2d 395 (Ohio). We take the same view. If other questions relating to voidable marriages and annulments are left unanswered, that is a

78

matter for legislative consideration, as suggested by Professor Strahorn in the articles cited, *supra,* and by Judge Hammond in his concurring opinion in *Johnson v. Johnson, supra.*

*Decree affirmed, with costs.*