## DAY *v.* DAY

[No. 108, September Term, 1964.]

*Decided January 5, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

Submitted on brief by *Leonard T. Kardy* and *Kardy, Brannan & Neumann* for appellant Nancy H. Stone, etc., and by *John P. Moore* and *Wheeler, Moore & Korpeck* for appellant Francis O. Day, Jr.

*Robert W. Beall,* with whom was *E. Austin Carlin* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This case involves the validity of a divorce obtained in Alabama by one of the appellants, Francis O. Day, Jr. (the husband). The appellee, Alice W. Day (the wife) brought suit in the Circuit Court for Montgomery County for a declaratory judgment that the Alabama decree was invalid and for an order against Nancy H. Stone, the other appellant, also known as Nancy H. Day, enjoining her from using the name Day or representing herself as the lawful wife of the husband. After the taking of testimony, the lower court decreed that the Alabama divorce was null and void, that the subsequent marriage of the husband to Mrs. Stone was invalid, and that the wife is the legal wife of the husband. The husband and Mrs. Stone have appealed.

The facts are virtually undisputed. The husband has been a resident of Montgomery County during his entire life; the wife has been continuously a resident of that county since 1937. They were married in Montgomery County in 1942; three children were born of the marriage, all of whom were under twenty-one years of age at the time of the trial. The husband developed an interest in Mrs. Stone which caused the wife to be emotionally upset for a period of some nine months. The husband made numerous visits to the home of the wife and children to prevail upon the wife to sign a waiver and consent form, customarily employed in divorce proceedings in Alabama. The wife consistently refused to sign such a document until some

time in the month of November, 1961, when she signed the form upon the husband's representation to her that he would show Mrs. Stone the paper but would not use it.

In January, 1962, the husband went by train to Alabama and returned the next day. On February 19, 1962, the Circuit Court of Winston County, Alabama, rendered a decree of absolute divorce. The wife has never been in the State of Alabama. She did not learn of the divorce until April, 1962. In March, 1962, at the solicitation of the husband, she took a trip with him and some friends to Mexico. During this trip the husband and wife lived together.

The husband and wife entered into a property agreement on August 18, 1961. In May, 1962, a supplemental property agreement was entered into as a result of conferences of the husband with his tax consultants. This supplemental property agreement referred to the parties as "husband" and "wife" and did not refer to the alleged divorce. The wife was represented by counsel in both the original and supplemental property agreements but had no counsel when she signed the waiver in November, 1961; the attorney who was advising her in respect of the property agreement was without knowledge that she had signed the waiver form and at no time did she discuss the signing with him; she consulted no one about it. The wife testified that when she signed the form in November, 1961, she was emotionally upset and did so "without intelligence." After the execution of the supplemental property agreement, in May, 1962, the husband married Mrs. Stone and has been residing with her since as man and wife. The husband testified that, after the wife had signed the paper, she asked at one time that it be returned but that this was after he had used it. He also testified that sometime after the wife had signed the waiver, she told him to go ahead and use it; the wife denied making any statement that she hoped her husband would use the document and could not recall telling him that he could use it. The wife filed her suit in these proceedings in March, 1963.

The wife testified that, when her husband asked her by telephone in March, 1962, to join him on a trip to Mexico (after he had obtained the Alabama decree without her knowledge) he said, "It's over. It's through. I don't want any more. Please

come." The husband admitted that the trip was an attempt to resolve the differences between himself and his wife.

The appellants contend that the wife is estopped from a collateral attack on the Alabama decree because of the consent and waiver executed by her and that she is barred by laches.

The document signed by the wife in November, 1961, and filed in the Alabama court states that she waives notice of the time and place of taking testimony, consents to the taking of testimony, waives notice of the time and place of the submission of the cause and agrees that the husband may submit the cause for final decree on such testimony, bill of complaint and "this answer" without other or further notice to the wife.

The Alabama Code in effect at the time of the divorce proceedings in that State provided as follows:

> "When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action." Titl. 34 § 29 Ala. Code (1958).

The legal principles applicable to the question here presented were reviewed in *Leatherbury v. Leatherbury,* 233 Md. 344, 196 A. 2d 883 (1964); *Pelle v. Pelle,* 229 Md. 160, 182 A. 2d 37 (1962) and *Colby v. Colby,* 217 Md. 35, 141 A. 2d 506 (1958). Basic concepts of justice are involved, but how and where they are reached depend upon the requirements of our Federal Constitution. Under Article 4, Section 1 of the Constitution, full faith and credit must be given a decree of divorce rendered by a court of a sister state, if that state had jurisdiction over the persons. *Sherrer v. Sherrer,* 334 U. S. 343 (1948); *Coe v. Coe,* 334 U. S. 378 (1948).

Apart from the impact of our Federal system, Maryland has exclusive jurisdiction over its citizens in respect of the marriage relation and its dissolution. *Pelle v. Pelle, supra; Slansky v. State,* 192 Md. 94, 108, 63 A. 2d 599 (1944) and cases therein cited. That jurisdiction, however, is subject to the Full Faith

and Credit clause, if the divorce decree of the sister state is valid. *Sherrer v. Sherrer, supra; Coe v. Coe, supra; Leatherbury v. Leatherbury, supra.* If it is valid, the decree can not be collaterally attacked in Maryland, even though, as here, both the husband who obtained the divorce and the wife who attacks it are citizens of this state. While the jurisdiction of Alabama, the sister state in these proceedings, depends upon jurisdiction and jurisdiction depends upon domicile, if the wife actually participated in the divorce proceeding, by appearance in person or through counsel or the filing of an answer, she can not thereafter question the validity of the divorce, even though in fact, the husband who procured it never was domiciled in Alabama. Under such circumstances, the wife is barred from attacking the decree, not because Alabama had jurisdiction, but because the doctrine of res judicata bars her from questioning the jurisdiction to which she submitted. For that doctrine to be applicable, however, the decree of divorce must be one entered after proceedings in which both husband and wife participated in actuality, and in which both parties were given full opportunity to contest the jurisdictional issues. *Sherrer v. Sherrer, supra; Colby v. Colby, supra.* See Griswold, *Divorce Jurisdiction and Recognition of Divorce Decrees — A Comparative Study,* 65 Harv. L. Rev. 193, 216 (1951); 23 Md. L. Rev. 359 (1963); 11 Md. L. Rev. 143 (1950). Where the absent spouse did not appear in the state granting the decree, and her alleged participation is based upon a document signed by her in the state in which she is domiciled, the validity of that document is for the state of domicile to determine. *Pelle v. Pelle, supra; Gehrardi DeParata v. Gehrardi DeParata,* (Mun. Ct. App. D. C.) 179 A. 2d 723 (1962). See *Cook v. Cook,* 342 U. S. 126 (1951), and see also, *Restatement* (Second), *Conflicts of Laws* § 334b, comment d (Reporter's Note Tent. Draft No. 6, 1960). It is part of the price we pay for our Federal system that the social policy of the state in which the absent spouse is domiciled must give way to that of the state which grants the divorce, where that state has jurisdiction; but it is integral to our system of justice that the validity of an act performed by the absent spouse on which the jurisdiction of the sister state is based shall be determined under the law of the

state in which she is domiciled and where the act took place. So, in this case, the path of legal reason runs full circle.

When the wife signed the form of waiver and consent which her husband later filed in the Alabama court, she was promised by him that it would not be used. He wanted it, he said, only to show to Mrs. Stone. The wife had been emotionally confused and upset by her husband's conduct. She obviously wished her husband to return to her; she had been with him in Nevada just before she signed, and afterwards, not knowing the document had been used, she lived with him, at his request, as man and wife on a vacation to Mexico. The husband admitted that after the wife had signed the form, she asked for its return. While he claimed that afterwards she consented to its use, the wife does not recall any consent, and in effect, denies it.

While the wife had been represented by counsel in the property agreement with the husband, when she signed the waiver and consent, she was not represented by an attorney, and consulted with no one about it. The Court has recognized the importance of a wife being represented by independent counsel in considering the validity of an antenuptial agreement. *Levy v. Sherman,* 185 Md. 63, 73-74, 43 A. 2d 25 (1945). It is at least equally important that she have the benefit of such counsel before executing a document consenting to proceedings for the dissolution of the marriage. In *Pelle v. Pelle, supra,* a case close on its facts to the present one, this Court, in holding that the waiver and consent signed by a wife domiciled in Maryland and used in divorce proceedings in Alabama did not estop her from attacking the validity of the divorce, referred to the fact that she never had counsel of her own choice. See also, to the same effect, *Wolff v. Wolff,* 134 N. J. Eq. 8, 34 A. 2d 150 (1943).

In *Leatherbury v. Leatherbury, supra,* we held that, on the facts, a second wife did not have the right to attack her husband's prior divorce. In the opinion, however, Judge Hammond, for the Court, said: "If the original defendant spouse seemingly then participated but in actuality did not, the inattentive deluded or defrauded one may later collaterally attack the divorce." 233 Md. at 347. On the testimony in this case, the trial

court found that the wife was misled when she signed the waiver and consent and did not in actuality participate in the Alabama divorce proceeding. We agree. The wife, therefore, is not estopped from attacking the validity of the Alabama decree. *Pelle v. Pelle, supra.*

That decree, upon the husband's own testimony, was a fraud upon the court which granted it. As we pointed out in *Pelle v. Pelle, supra,* the law of Alabama requires that the plaintiff must be a domiciliary of that state at the time of the commencement of the action if the defendant is a non-resident. *Hartigan v. Hartigan,* 272 Ala. 67, 128 So. 2d 725 (1961) ; *Gee v. Gee,* 252 Ala. 103, 39 So. 2d 406 (1949).[1] The husband here has been domiciled in Maryland since birth, and has never resided in Alabama. As the trial judge stated in her opinion, he went to the Alabama court the morning he arrived in that state and left there by plane the afternoon of the same day. The decree is null and void.

The appellants' defense of laches is without merit under the circumstances of this case. Laches implies negligence in not asserting a right within a reasonable time after its discovery; what constitutes laches must be determined by the facts and circumstances of each case. *Parker v. Board of Elec. Sup.,* 230 Md. 126, 130-31, 186 A. 2d 195 (1962). The relationship of the parties is one of the circumstances to be considered. *Connar*

---

1. In *Gee v. Gee, supra,* the court considered the effect of the 1947 amendment of the Alabama statute stating that the provisions of the section should not be in force and effect when the court has jurisdiction of both parties to the cause of action. The court said: "We had occasion to consider that amendment in Jennings v. Jennings, Ala., 36 So. 2d 236. We held that there was necessarily implied an exception to the effect of that proviso, for it cannot have operation if both parties were domiciled out of Alabama. The res over which the jurisdiction of the court is limited is the marital status of a citizen of Alabama. So that while the terms of the proviso do not so require, it is to be so treated to have any effect at all. In that case both parties were non-residents of Alabama. Therefore, we held that the proviso did not authorize the court in this State to grant a divorce. The parties cannot by consent confer such jurisdiction, nor can the legislature do so by an act, when the res is not within the power of State authorities." 252 Ala. at 105.

*v. Leach,* 84 Md. 571, 36 Atl. 591 (1897). See also *Levy v. Sherman, supra.* It is undisputed that the wife was emotionally disturbed for many months because of the husband's actions. The appellants claim prejudice because they went through a marriage ceremony and have since lived together as man and wife. However, that ceremony took place only a few weeks after the husband told the wife he had obtained a divorce, and shortly after she had joined him on a trip to Mexico in the obvious hope of effecting a reconciliation. As the trial judge said in her opinion, the wife's delay in attacking the divorce did not induce the husband to marry. The other appellant, Mrs. Stone, was hardly a stranger to what had transpired. Under all the circumstances, we do not find there was an unreasonable and unjustified delay in the filing of the suit.

*Decree affirmed; costs to be paid by appellants.*