## UPHAM *v.* UPHAM

[No. 243, September Term, 1964.]

*Decided April 2, 1965.*

*Motion for rehearing filed May 3, 1965, denied May 4, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Harry Goldman, Jr.,* with whom was *Harold C. Vanderlain* on the brief, for appellant.

*Moses Davis* for appellee.

HORNEY, J., delivered the opinion of the Court.

The appeal in this suit for a divorce *a mensa* brought in a Maryland court by a wife residing in Maryland against a husband residing in Pennsylvania presents questions as to whether a Pennsylvania *a vinculo* divorce decree is entitled to full faith and credit in Maryland and, if so, whether the wife is entitled to permanent alimony notwithstanding the validity of the Pennsylvania decree. The basic question to be decided is whether the husband had acquired a *bona fide* domicile in Pennsylvania at the time he brought suit for a divorce in that state.

The husband (Charles M. Upham, Jr.) and the wife (Elizabeth M. Upham) resided together in Maryland for many years in a home they owned as tenants by the entireties. As a result of a change in his employers but not in his employment as a traffic engineer, the husband moved to Pennsylvania on November 6, 1961, and established a residence in York. The wife remained in Maryland and still resides in Baltimore City.

In York, the husband rented a furnished apartment on a month to month basis and lived there until he and his present

wife moved to the house they now occupy under a written lease. While he has continued to be president of a Maryland flying club and has never transferred his membership in the Masonic Lodge from Baltimore to York, he has joined other organizations in York, and has registered there as a voter. He visits the farm of his father in Charles County frequently and has expressed a desire to return to Maryland sometime in the future. But he has continued to reside in York ever since he moved there and declares he intends to stay as long as he retains his present job or until he finds something better.

Eight months after the husband moved to York, the wife, seeking alimony, filed suit for a partial divorce, but did not go forward with the action until after the expiration of an order for payment of alimony *pendente lite* in July 1963.

A year and a day after he had moved to York—the residence requirement in Pennsylvania is one year—the husband filed suit for an absolute divorce in the Court of Common Pleas of York County. The bill of complaint was served on the wife by certified mail but she neither appeared nor answered at that time. Within a month after the granting of the divorce, however, the wife filed a petition to open the divorce decree, and the husband moved to strike the petition. The Court of Common Pleas dismissed both the petition to open and the motion to strike and the wife appealed. The Superior Court of Pennsylvania, by a *per curiam* order, "affirmed" the lower court. See *Upham v. Upham,* 203 A. 2d 495 (Pa. Super. 1964).

Sometime after the middle of September 1963 — apparently after the dismissal of the petition to open the divorce decree but before the order therefor was affirmed—the wife petitioned the lower court in Maryland for further payments of alimony *pendente lite* and for counsel fees. The lower court (Cardin, J.) heard the petition in open court, and following arguments of counsel and the submission of memorandums, found that the husband was a *"bona fide* resident of the State of Pennsylvania on May 21, 1963 when a valid decree of absolute divorce was passed" by the Pensylvania court and, in subsequent orders, dismissed the wife's bill for divorce *a mensa* with prejudice and directed the husband to pay the costs and counsel fees for services rendered prior to the entry of the Pennsylvania divorce decree.

Section 1 of Article IV of the Constitution of the United States requires that full faith and credit be given in every state to the divorce proceedings of every other state if such other state had jurisdiction over the parties to the proceedings. *Sherrer v. Sherrer,* 334 U. S. 343 (1948) ; *Coe v. Coe,* 334 U. S. 378 (1948) ; *Day v. Day,* 237 Md. 229, 205 A. 2d 798 (1965). Where, however, there is proof that the spouse who obtains a foreign divorce did not acquire a *bona fide* domicile in the divorce-granting state, and the other spouse had no opportunity to contest an issue as to jursidiction, the giving of full faith and credit is not mandatory. *Pelle v. Pelle,* 229 Md. 160, 182 A. 2d 37 (1962) ; *Slansky v. State,* 192 Md. 94, 63 A. 2d 599 (1949). But when it is shown that the other spouse has participated in a divorce proceeding in a state other than his or her own, such spouse will have forfeited his or her right to impeach the validity of the decree of such other state in the courts of which he or she is a resident. *Sherrer v. Sherrer, supra; Coe v. Coe, supra; Pelle v. Pelle, supra.*

If we assume, without deciding, in the case at bar that the Pennsylvania decree was subject to attack by the wife, we think the finding of the chancellor that the husband was a *bona fide* resident of Pennsylvania was proper. While the chancellor was in error as to the time requirement in that he stated that the husband was a resident as of the time of the granting of the decree when he should have said that he was a resident as of the time the bill of complaint was filed, the facts on the whole, as disclosed by the record, show that the husband had established his Pennsylvania "residence with domiciliary intent," *DiMilia v. DiMilia,* 203 A. 2d 382 (Pa. Super. 1964), as of the time fixed by the Pennsylvania statute [1] for commencing divorce proceedings, and we so hold.

As a corollary to her claim that she is entitled to permanent alimony notwithstanding the validity of the Pennsylvania decree, the wife also claims that the denial of support would de-

---

1. The Pennsylvania Divorce Code, Purdon's Statutes Annotated, Title 23, § 16, provides that "no spouse shall be entitled to commence proceedings for divorce * * * who shall not have been a bona fide resident in [the] Commonwealth at least one whole year immediately previous to the filing of his or her petition."

prive her of property without due process of law. Both claims are without merit.

The rule in Maryland is that after the dissolution of the marital relationship, whether by the decree of this or another state, the courts of this State are precluded from awarding alimony. *Brewster v. Brewster,* 204 Md. 501, 105 A. 2d 232 (1954). And there is nothing in *Clayton v. Clayton,* 231 Md. 74, 188 A. 2d 550 (1963) or in *Vanderbilt v. Vanderbilt,* 354 U. S. 416 (1957) to compel a contrary result. In *Clayton,* it was held that an award of alimony is permissible even though a divorce is granted on a ground that made the marriage a nullity. Such was not the case here. In *Vanderbilt,* the right to support was upheld under a New York statute providing in effect that such right could not be affected by a foreign *ex parte* decree. There is no such statute in this State. That the right to maintain a proceeding for alimony ends with the dissolution of the marriage, see *Staub v. Staub,* 170 Md. 202, 183 Atl. 605 (1936).

The final question, one raised by the husband, is whether the court erred in directing payment for counsel fees for services rendered prior to the entry of the Pennsylvania divorce decree. We find no error. *Tome v. Tome,* 180 Md. 31, 22 A. 2d 549 (1941). Had the court awarded counsel fees for services rendered after the marriage was terminated, a different question would have been presented. *Brewster v. Brewster, supra; Tabeling v. Tabeling,* 157 Md. 429, 146 Atl. 389 (1929).

*Order affirmed; appellant to pay the costs.*