## STALEY *v.* STALEY

[No. 432, September Term, 1967.]

*Decided December 12, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Marion E. West,* with whom were *West & Venables* on the brief, for appellant.

*Bill L. Yoho,* with whom were *Robert S. Hoyert, Roy W. Hooten, Joseph F. McBride* and *Hoyert, Yoho & Hooten* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

By a final decree dated November 6, 1967, the Circuit Court for Prince George's County (Perry G. Bowen, Jr., Judge), awarded a divorce a vinculo matrimonii to the appellee, John Wesley Staley, and declared invalid a foreign decree of divorce a vinculo matrimonii obtained by the appellant, Norma Jean Staley.

The parties were married on September 3, 1948, in Brunswick, Georgia, and are the parents of four minor children. Prior to their separation they lived in a home in Prince George's County, Maryland. They both voted and were employed in that county. As early as 1956, marital problems arose. The appellant went into a hospital in October 1964, and upon her release did not return to the appellee, but resigned her job and went to the State of Nevada where she secured work for six weeks with the J. C. Penney Company. The appellant remained in Nevada for a sufficient length of time to meet the requirements of the Nevada court and, after service of process on the appellee in Prince George's County to which he did not respond, she obtained a final decree of absolute divorce on January 19, 1965. On January 20, 1965, appellant married Theodore Martin after he had visited her in Las Vegas and, on January 21, 1965, returned to Prince George's County where they have since resided. The appellee knew of the divorce proceedings before January 22, 1965, and knew on or about

March 23, 1965, that the appellant had remarried. Before the filing of this suit, the parties were in court several times on related matters of custody and visitation rights. The appellee was awarded custody of the children and the appellant was granted visitation rights.

Eighteen months after the Nevada divorce decree the appellee filed suit on September 29, 1966, in the Circuit Court for Prince George's County seeking a divorce on the grounds of desertion or adultery, and asked that the Nevada decree be declared void. The appellant set up as a defense the Nevada divorce and made an oral motion to dismiss appellee's suit on the ground of laches. After Judge Powers heard this motion to dismiss and denied it on March 18, 1967, the case was then heard on the merits before Judge Bowen, who ruled that the Nevada divorce was void and granted a decree to the appellee on the ground of desertion. Mrs. Staley has appealed and raises two issues: (1) was the appellee guilty of laches because he waited over eighteen months to nullify a divorce decree when he was in court several times during this period on related matters; and (2) did the appellee maintain the burden of proof necessary to establish the lack of jurisdiction of the Nevada court to grant a divorce to the appellant.

The doctrine of laches is an application of the general principles of estoppel, and consists of two elements—negligence or lack of diligence on the part of the plaintiff in failing to assert his right, and prejudice or injury to the defendant. *Parker v. Board of Elec. Sup.*, 230 Md. 126, 186 A. 2d 195; *Croyle v. Croyle*, 184 Md. 126, 40 A. 2d 374. As set out in *Croyle*: "The very heart of the doctrine of estoppel, through laches, is that the defendant's alleged change of position for the worse must have been induced by, or resulted from, the conduct, misrepresentation or silence of the plaintiff." 184 Md. at 136, 40 A. 2d at 379. Speaking for this Court in *Pryor v. Pryor*, 240 Md. 224, 213 A. 2d 545, Judge Barnes stated the general rule that laches may be invoked in suits involving attempts to set aside a final decree of divorce obtained by a spouse who lacked the necessary residence required by statute to give the divorce court jurisdiction.

In *Pryor* the appellant filed suit to set aside a decree of di-

vorce a vinculo matrimonii granted to her husband thirteen years before the filing of her petition. Pryor's second wife resisted the suit and her motion to dismiss on the ground of laches was granted by the lower court. This Court affirmed the dismissal relying upon the lack of diligence on the part of the plaintiff for thirteen years and the resulting prejudice to the second wife who had married Pryor without any knowledge of any legal impediment to her marriage. We do not consider *Pryor* as controlling since in the present case the delay was only eighteen months, and the second "husband" was hardly a stranger to what had transpired.

Appellant urges that remarriage is one of the factors which may be given consideration as an element in determining the necessary prejudice resulting from the unwarranted delay for the application of laches in a particular case. She further urges that had she known of appellee's contention within a reasonable time after the decree was obtained, she would have had the opportunity to determine whether, under the circumstances, she should have continued to live with her second husband, and that appellee's continued silence and inactivity prejudiced her. In view of the fact that the appellant married Mr. Martin in Nevada one day after she obtained her divorce from the appellee in that state, it is impossible to say that the appellant suffered prejudice as the result of any action or inaction by the appellee.

Mrs. Staley also argues that she has been prejudiced in her relations with her children as a result of appellee's delay in filing suit since it would be extremely embarrassing to her to have her children know that she had been living in adultery during the eighteen months period. Even assuming that there has been such difficulty, it has been caused by Mrs. Staley's own deliberate conduct and not that of the appellee. By her own acts she created the domestic situation which she now decries and must suffer the consequences. The appellant's defense of laches is entirely without merit under the circumstances of this case, and we hold that the lower court properly denied the motion to dismiss on that ground.

Turning to the appellant's second question, according to Section 1 of Article IV of the Constitution of the United States,

full faith and credit must be given a decree of divorce rendered by a court of a sister state if that state had jurisdiction over the parties to the proceedings. *Coe v. Coe,* 334 U. S. 378; *Sherrer v. Sherrer,* 334 U. S. 343; *Upham v. Upham,* 238 Md. 261, 208 A. 2d 611; *Day v. Day,* 237 Md. 229, 205 A. 2d 798. However, if there is proof that the spouse who obtained the foreign divorce did not acquire a bona fide domicil in the divorce-granting state, and the other spouse did not appear or participate, then the giving of full faith and credit is not mandatory. *Upham v. Upham, supra; Pelle v. Pelle,* 229 Md. 160, 182 A. 2d 37; *Slansky v. State,* 192 Md. 94, 63 A. 2d 599. The courts of Maryland are not bound by an unfounded recital of a jurisdictional fact, such as domicil, found in the record of a court of another state and may make their own independent examination. *Williams v. North Carolina,* 325 U. S. 226; *Pelle, Slansky,* both *supra.* It is important to note that in this case, the appellee did not make a personal appearance before the Nevada court, and he did not respond to the process which was served on him in Prince George's County. Hence, as indicated by the lower court, the Nevada court had no jurisdiction over his person.

The burden of proof in establishing lack of jurisdiction because of the absence of domicil is upon the person alleging it. *Brewster v. Brewster,* 204 Md. 501, 105 A. 2d 232; *Epstein v. Epstein,* 193 Md. 164, 66 A. 2d 381. Appellant urges that the appellee failed to maintain this burden although she refers this Court to the factors to be considered in determining whether a domicil is bona fide as set out in *Naylor v. Naylor,* 217 Md. 615, 143 A. 2d 604. These factors include: (a) residence in the divorce-granting state for a substantial period before the divorce action was instituted; (b) the removal of all or substantially all of one's personal property to the new residence; (c) the severance of all or most of one's connections in the state departed from; (d) the engagement in permanent business activities or gainful employment; and (e) the purchase or renting of a permanent home or other substantial place of abode.

None of the above factors, with the possible exception of (b), is present in the instant case. Mrs. Staley arrived in

Nevada on November 2, 1964, and filed for divorce in that state on December 15, 1964. While it is true that she resigned her position before she left this state, her four children remained here. They were not told of her whereabouts but could write to her in care of a Washington, D.C. post office box. Although appellant testified that she had hoped to obtain a position in Las Vegas with the Internal Revenue Service, she worked for the J. C. Penney Company for a period of six weeks. Finally, during her stay in Nevada the appellant secured a room in a motel which she equipped with a hot plate. In addition, the questionable nature of her claim of domicil in Nevada is substantiated by appellant's immediate return to Maryland after she had obtained the divorce.

Under these circumstances, we conclude that the lower court did not err in holding that the appellee met his burden of proof in establishing that the appellant did not acquire a bona fide domicil in Nevada and in holding that divorce invalid since the Nevada court lacked jurisdiction. The evidence established that the appellant had deserted the appellee, and the lower court was correct in awarding its decree.

*Decree affirmed, costs to be paid by appellee.*