## MADAIO *v.* MADAIO

[No. 64, September Term, 1969.]

*Decided December 9, 1969.*

The cause was argued before BARNES, McWILLIAMS,

FINAN, and SINGLEY, JJ. and CHARLES E. ORTH, JR., Associate Judge of the Court of Special Appeals, specially assigned.

*William Blanton McDanald* for appellant.

*Phillip Leventhal* for appellee.

MCWILLIAMS, J., delivered the opinion of the Court.

The marriage of the parties in August 1942 resulted in the birth of two children. On 14 October 1963 Anthony filed in the Circuit Court for Montgomery County a "Bill of Complaint for Divorce A Vinculo Matrimonii" in which he charged that Josephine was guilty of "abandonment and desertion." A hearing on the bill was held in June 1966. On 20 December 1966 Judge Shearin, acting pursuant to the recommendations of the Master-Examiner, signed a "decree" denying the divorce on the ground that Anthony "failed to corroborate his testimony." In addition Judge Shearin "ordered" Anthony to support Josephine and the children with payments of $400 per month "commencing on December 1, 1966, pending further Order of Court."

Two years later, on 27 December 1968, Anthony obtained a divorce *a vinculo* in the Circuit Court of Arlington County, Virginia. Josephine was not served personally in Virginia and she did not appear to contest the action. No provision was made in the decree for her support.

On 28 January 1969 Anthony filed in the Circuit Court for Montgomery County a motion entitled "Motion to Vacate Decree Pendente Lite and Have Case Dismissed." Actually the motion was "to declare the decree filed * * * [21 December 1966 but dated 20 December] ordering that the said plaintiff pay for the support and maintenance of the defendant and their minor child be vacated and dismissed." A copy of this motion, according to Josephine, was not received by her attorney until 30 Jan-

uary, the same day on which he filed the last of a series of motions (four in all) to have Anthony cited for contempt for being in arrears in the amount of $1,100. On the same day (30 January) Judge Shook, without a hearing, ordered "that the plaintiff's motion be granted and the *Decree Pendente Lite* * * * vacated and the case dismissed." (Emphasis added.) Josephine claims that she was not notified of Judge Shook's order until 6 February.

On 13 February Josephine filed a motion "to strike" Judge Shook's order of 30 January on the ground that she had not been afforded an opportunity to be heard. Anthony, in reply, filed on 19 February a "motion to strike * * * [Josephine's] motion to strike court order." He argued that "the Decree dated December 20, 1966, is in fact not a final decree and has no greater effect than that provided by its own terms." On 25 February Judge Shook, without an opinion, denied Josephine's motion and allowed the order of 30 January to stand.

Josephine argues on this appeal that "[t]he granting of the Order dismissing the case without a show cause hearing or otherwise permitting opposition of response effectively denied the appellant the opportunity to present any argument regarding the validity of the Virginia Decree or its effect, if any," on the award of support and maintenance in Maryland.[1] We agree.

We are not impressed by Anthony's argument that the order before us is "an order for dismissal * * * from which an appeal to this Court will [not] lie." We think it is clear that Judge Shook's order is one "to vacate" or set aside the decree of 20 December 1966. The difference between the order in issue and one "to dismiss" the case

---

1. Josephine also advances the argument that the court below should not have issued the order of 30 January inasmuch as the effect of such action is to deny her the right to recover an arrearage of $1000 which has accrued under the 1966 decree. We think it is clear, however, that regardless of our stance in respect of Judge Shook's order, the question whether Josephine may recover any unpaid money due prior to a dissolution of the "pendente lite decree" may still be litigated. *Cf. Upham v. Upham,* 238 Md. 261, 265 (1965); *see* 27B C.J.S., *Divorce* § 282 at 212 (1959).

is so obvious that further comment should not be necessary. We think also it is clear that the order of 30 January is "in the nature of a final decree" from which an appeal may be taken to this Court. Code, Art. 5, § 6 (1968 Repl. Vol.).

It is well settled that the courts of this state must give full faith and credit to a divorce decree rendered by a sister state if that state had *in personam* jurisdiction over the parties to the proceedings. *E.g.*, *Staley v. Staley*, 251 Md. 701, 704-05 (1968). It is also settled that we may refuse full faith and credit to a foreign decree rendered in an *ex parte* proceeding, if the appearing spouse had not acquired a bona fide domicile in the state granting the divorce. *Id.* Although we take no position in the case at bar as to whether the *ex parte* Virginia decree should be given full faith and credit, it is clear that the rules noted above provided a basis for Josephine, had she been given an opportunity, to object to Anthony's motion to set aside the decree of 20 December 1966. We think that such an opportunity should have been afforded by the court below.

The right to receive notice and to be afforded an opportunity to be heard in any proceeding to which finality is to be accorded is established beyond question in this country. According to the Supreme Court of the United States, "[t]he fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U. S. 385, 394 (1914). In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306 (1950), Mr. Justice Jackson, for the Court, pointed out that:

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * * The notice must be of such nature as reasonably to convey the required in-

formation, * * * and it must afford a reasonable time for those interested to make their appearance * * *." *Id.* at 314.

The right to object to the modification of an alimony order has been announced in the decisions of this Court. In *Braecklein v. Braecklein,* 136 Md. 32 (1920), our predecessors refused to affirm the modification by the court below of an earlier decree granting permanent alimony. Judge Adkins, for the Court, held that inasmuch as the record did not show that the affected spouse had been given "notice and an opportunity to show cause to the contrary * * *" prior to the issuance of the modification order, this Court's approval would be withheld. *Id.* at 39. *See also Rethorst v. Rethorst,* 214 Md. 1, 15-16 (1957). The fact that we are concerned here with an order setting aside a decree providing for support and maintenance, whereas our decision in *Braecklein* dealt with a modification of an award of permanent alimony seems to us to be without significance. In either case, the judicial change of the provisions of an earlier decree for maintenance and support had been made in a manner which denied to the affected spouse due process of law.

It also appears that denying Josephine an opportunity to be heard was contrary to the provisions of Rule (7) (e) (1) of the Local Rules of the Circuit Court for Montgomery County which was in existence at the time Judge Shook signed her order. The rule provides as follows:

> "The Court will decide motions, demurrers and other preliminary matters arising at law or in equity, herein referred to as 'Motions,' without a hearing *unless the party filing the motion files therewith a request for a hearing or the opposing party files such a request with his answer to the motion or, if no answer is filed, within fifteen days after he is served with a copy of the motion.* If none of the parties requests a hearing, the Court may order a hearing, in

which event notice shall be given as required by paragraph (2) of this Rule." [2] (Emphasis added.)

It seems clear to us that under the rule noted above, Josephine had the right to request a hearing within fifteen days after receiving a copy of Anthony's motion to vacate the earlier decree. The right to request a hearing after a motion is filed, we might add, is now afforded by Rule 1210 (c) (1) (i) of the Maryland Rules of Procedure (effective 1 April 1969).

*Order reversed.*
*Costs to be paid by the appellee.*

---

2. Rule (7) (e) (1) has been superseded by Rule 1211 (e) of the Rules of the 6th Judicial Circuit of Maryland (effective 1 October 1969).