KASDON *v.* WESTBURY, INC. ET AL.

[No. 33, September Term, 1970.]

*Decided October 14, 1970.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Hillel Abrams* for appellant.

*T. Hammond Welsh, Jr.*, with whom were *Welsh & Lancaster* and *Richard B. Bland* on the brief, for appellee Beltsville Investment Corp. No brief filed on behalf of other appellees.

McWILLIAMS, J., delivered the opinion of the Court.

Appellant (Kasdon) is upset, justifiably so we think, because the trial judge, Pugh, J., ignored his request for a hearing. The facts seem not to be in dispute.

In June 1968 Kasdon attended a Montgomery County tax sale. He bought 12 parcels of land belonging to Westbury, Inc., for each of which he received a separate Certificate of Tax Sale. In July 1969, none of the properties having been redeemed, Kasdon filed 12 separate bills of complaint to foreclose the rights of redemption. This appeal concerns directly only one of those actions. Indirectly it concerns all of them. In September 1969 Westbury filed a petition (in which, two weeks later, Beltsville Investment Corporation joined) to redeem, to consolidate the 12 actions, and to fix the amount necessary for redemption. On 21 November, after a hearing, Judge Pugh denied the motion to consolidate but he did nothing about fixing the amount necessary for redemption. Kasdon, in a motion for reconsideration filed four days later, alleged that the court "did not allow [his] counsel to complete his argument or to be heard in any other way with regard to the amount necessary for redemption," despite the fact that his title examiner was present and ready to testify. Kasdon concluded his motion with a request for a hearing at which testimony might be produced and argument permitted in respect of "the amounts to be paid in redemption." The motion was denied on 9 December.

On 29 December Kasdon *answered* Westbury's petition of 10 October to consolidate and to "fix costs necessary for redemption." Kasdon set forth, in that *answer,* the amounts he contended should be paid and he appended two requests for a hearing. He claimed he was entitled to be reimbursed for the following:

"Taxes, interest and costs paid by
Plaintiff       $ 57.00
Plus 6% interest thereon from 6/10/68
to the date of payment   [5.39]
Court costs paid by Plaintiff   46.00
Advertising costs   170.72
Title Search   25.00
Attorney's fees   100.00"
      $404.11

Without notice to any of the parties Judge Pugh, on 7 January 1970, passed and filed the following order:

"ORDERED, that the amount necessary for redemption of Lot 14, Block A, 'Muncaster Mill View', be and the same is hereby fixed as follows:

| | | |
|---|---|---|
| 1967 Taxes | $ 57.00 | |
| Interest | 5.39 | $ 62.39 |
| Montgomery County Sentinel | 170.72 | |
| Clerks costs | 6.50 | |
| Additional clerks fees | 16.50 | |
| Plaintiffs appearance fee | 5.00 | |
| Seven services of process | 7.00 | |
| Title search | 10.00 | |
| Attorneys fee | 25.00 | 240.72 |
| | | 303.11 |

"IT IS FURTHER ORDERED that the Plaintiff pay the added costs of these proceedings.

s/   James H. Pugh
Judge"

It is at once apparent, assuming only minor differences in the other 11 cases, that the cost of redemption, applying Kasdon's figures, will be about $5,000. If Judge Pugh's accounting is used it will be about $3,600. If all 12 certificates had been joined in one proceeding the cost of redemption might have been even less but how much less can only be surmised.

The appellees say it was downright churlish of Kasdon to file 12 separate bills of complaint instead of joining all 12 in one proceeding. Their pique is understandable but we do not share that view. Code, Art. 81, § 108 (1969 Repl. Vol.) provides that "[a]ny single holder of certificates * * * *may* include and join in one proceeding any number of the said certificates." (Emphasis added.) Section 100 provides that "[t]he holder of *any* certificate of sale * * * *may* * * * file a bill in equity to foreclose all rights of redemption of the property to which *such certificate* relates * * *." (Emphasis added.) Section 102, dealing with the form of the bill of complaint, requires "[t]*he certificate of sale* * * * [to] be attached to the bill of complaint." (Emphasis added.) Kasdon stated in his brief that each of the 12 properties was encumbered by three separate deeds of trust and that some of the properties were subject also to mechanics' liens upon which foreclosure proceedings had been commenced. During the argument in this Court he pointed out that under the practice prevailing in Montgomery County, in any case in which a number of certificates are joined, the final decree is withheld until all proceedings in respect of all properties have been completed. Kasdon said that quite often this practice has unduly prolonged the proceedings and that by filing a suit for each certificate much of the delay can be avoided. We need not concern ourselves with the sufficiency of his reasons because, as we see it, it is clear that the statute gives him the right to do what he did.

In passing perhaps we ought to confess that we are not touched by the plight of the appellees. It seems that, in common with many other real estate operators they found it expedient to defer the payment of real estate taxes instead of borrowing to pay them on the due date. The interest rate (six per cent) established by § 93 is obviously more attractive than the eight or nine or ten per cent a lender would demand. But this ploy becomes risky if extended beyond a year and a day from the day of sale because thereafter the holder of the certificate

may foreclose, § 100, as did Kasdon, thereby materially increasing the cost of redemption.

There can be no doubt that Kasdon is entitled to be reimbursed for necessary title searches "for each property," except that upon "proof that the search was unusually difficult * * * [the court] may allow an amount not exceeding $25 for each search." § 110. He is entitled, also, among other things, to be reimbursed for the "actual attorney's fee, not to exceed the sum of $100." § 111. It hardly needs saying that the trial judge ought to hear what the certificate holder has to offer in this regard before fixing the amount.

Within the past year, in *Madaio v. Madaio,* 256 Md. 80, 83-84 (1969), we said:

> "The right to receive notice and to be afforded an opportunity to be heard in any proceeding to which finality is to be accorded is established beyond question in this country. According to the Supreme Court of the United States, '[t]he fundamental requisite of due process of law is the opportunity to be heard.' *Grannis v. Ordean,* 234 U. S. 385, 394 (1914). In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U. S. 306 (1950), Mr. Justice Jackson, for the Court, pointed out that:
>
>> 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * * The notice must be of such nature as reasonably to convey the required information, * * * and it must afford a reasonable time for those interested to make their appearance * * *.' *Id.* at 314."

We made the further observation "that denying * * * [the appellant] an opportunity to be heard was contrary

to the provisions of Rule (7) (e) (1) of the Local Rules of the Circuit Court for Montgomery County." Our final comment, in *Madaio,* was in respect of Maryland Rule 1210 c 1 (i) and (ii) (effective 1 April 1969) :

> "c. *Disposition*
>
>> 1. With or Without Hearing — When
>> The court may decide motions (except motions for new trial or judgment n.o.v.), demurrers and other preliminary matters requiring action by the court, without a hearing unless:
>>> (i) The moving party files a request for a hearing when the demurrer or motion is filed.
>>> (ii) The opposing party files such a request with his reply."

Appellees moved to dismiss the appeal because Kasdon did not comply with Rule 828 a in that the type size of the Record Extract is smaller than the required "11 point type or small pica." Kasdon, in his reply to the motion, blames the printer for this inadvertence. He insists, however, that the "copy is clear, legible and easily readable, and certainly as readable as the small print found on page four of Appellees' brief." We are obliged to agree with him but it must be understood that we take a dim view of this sort of disregard of the Rules whether intentional or unintentional. However in these circumstances we are not inclined to apply so drastic a sanction. *Kennedy v. Kennedy,* 250 Md. 462, 467 (1968). We shall exercise the discretion we have vested in ourselves by virtue of Rule 828 i 1 and deny the motion to dismiss.

> *Order of 7 January 1970 reversed.*
>
> *Case remanded for further proceedings conformable with the views expressed in this opinion.*
>
> *Costs to be paid by the appellees.*