### RODERICK C. REED *v.* FRANCES RUTH REED

[No. 366, September Term, 1970.]

*Decided March 12, 1971.*

The cause was argued before MURPHY, C.J., and THOMPSON and MOYLAN, JJ.

*J. Russell Robinson* for appellant.

*Fred C. Wright, III,* on brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

By decree dated November 7, 1955, appellee Frances Reed was divorced *a vinculo matrimonii* from the appellant Roderick Reed, the decree providing, *inter alia,* that the "defendant shall be responsible for [the] support" of the minor children of the parties. The decree also provided in the interlineated personal handwriting of the Chancellor, the Honorable D. K. McLaughlin, that "this court shall have continuing jurisdiction in these proceedings."

On February 3, 1970, approximately fifteen years after the original decree was enrolled, appellee petitioned for modification of the decree to require appellant to pay her "an amount of money each month for her support." Appellant moved to dismiss the petition on the ground that the court lacked jurisdiction because the decree of November 5, 1955, dissolving the marriage awarded no alimony to appellee, and did not reserve jurisdiction to consider and pass upon alimony in the future. By opinion dated April 22, 1970, Judge McLaughlin, interpreting his

own decree, concluded that the court had retained jurisdiction to award alimony or support money to the appellee. Judge McLaughlin held that his purpose in inserting the provision in the decree that "this court shall have continuing jurisdiction in these proceedings" was to preserve jurisdiction for future alimony award. He stated in his opinion:

> "Knowing throughout the years that lawyers inadvertently do not protect their clients as to alimony and support in Decrees, I have continuously made additions to Decrees throughout the past fifteen years."

Subsequently, a hearing was held on the merits of appellee's petition for modification before Judge Irvine Rutledge, at the conclusion of which alimony in the amount of $130.00 monthly was awarded appellee. From this order, the instant appeal was filed, raising as the primary question: "Whether the statement that 'this Court shall have continuing jurisdiction in these proceedings' is sufficient to reserve jurisdiction over the subject matter as to questions of alimony in a case in which no alimony was prayed for and the decree dissolving the marriage awarded no alimony."

Appellant contends that the wording in the decree was insufficient to preserve jurisdiction to award alimony because it did not specifically so provide. He relies on *Taylor v. Taylor,* 128 S.E.2d 910 (S. C.), wherein the court said:

> "* * * an intention to reserve jurisdiction of the subject of alimony cannot be derived from a provision in a divorce decree where there are no words of express reference thereto. In the absence of an express reservation, the element of uncertainty would characterize all such decrees."

It is, of course, the settled law of this State that unless an *a vinculo* decree either awards alimony, or preserves

jurisdiction, the court is powerless after the decree has become enrolled to award alimony. *See Dackman v. Dackman,* 252 Md. 331; *Staub v. Staub,* 170 Md. 202; *Marshall v. Marshall,* 164 Md. 107. We think it apparent from the face of the decree that it was Judge McLaughlin's intention to retain jurisdiction to award alimony in the future if warranted by the circumstances. The court in *Dackman,* at page 342, referred with apparent approval to the observation made in the concurring opinion in *Johnson v. Johnson,* 202 Md. 547, that where the decree awarded alimony or preserved jurisdiction —

"* * * if the court awarded alimony of one cent a year, it could at any time, years later perhaps, require the husband, if his circumstances warranted it, to pay ten thousand dollars a year. Also, by adding four words—'The Court retains jurisdiction' — alimony could be given for the first time twenty years after the decree."

While the statement in *Dackman* may have been dictum, as contended by appellant, we are persuaded that on the facts of this case the court retained jurisdiction to make the alimony award.

Nor do we find merit in appellant's contention that appellee should be barred, by the principle of *res judicata,* from asking for alimony fifteen years after the original decree. He claims that by failing to raise or litigate the alimony question at the time of the original action, she has now waived her right to do so and should be estopped from now presenting the issue. We find no merit in the argument.

*Decree affirmed; appellant to pay costs.*