# MARION A. RUSSELL *v.* JAMES T. RUSSELL, SR.

[No. 96, September Term, 1981.]

*Decided November 6, 1981.*

The cause was argued before Lowe, Couch and Weant, JJ.

*Theodore P. Weiner,* with whom were *Weiner, Weiner & Weiner, P.A.* on the brief, for appellant.

*David F. Jenny,* with whom was *Walter B. Dorsey* on the brief, for appellee.

WEANT, J., delivered the opinion of the Court.

By decree dated 26 August 1980 the appellant Marion A. Russell was granted a divorce *a vinculo matrimonii* from the appellee James T. Russell, Sr., reserving "the issue of monetary award of the marital property." On 24 November 1980 the Circuit Court for St. Mary's County held a hearing to set a monetary award concerning marital property, specifically Mr. Russell's pension rights. By decree dated 29 December 1980 the court declared that Mr. Russell's pension rights were not marital property and hence not subject to award and disposition under section 3-6A-05 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code. The court further ordered the sum of $50.00 per week alimony as permanent alimony. Mrs. Russell appeals from the award of alimony and the determination that Mr. Russell's pension is not marital property.

The marital property issue is discussed in the case of *Ohm v. Ohm,* 49 Md. App. 392, 431 A.2d 1371 (1980). In that case, Judge Thompson, writing for this Court, held that "the right to receive retirement benefits under a private or public employees['] pension plan, whether or not vested, matured, or contributory, is property and that, if acquired during the marriage, it constitutes marital property within the meaning of § 3-6A-01 (e)." *Id.* at 399, 431 A.2d at 1375. Accordingly, we would ordinarily hold that Mr. Russell's pension is marital property.

However, in spite of his prior acquiescence, the appellee raises the argument that the parties improperly attempted to confer subject matter jurisdiction on the circuit court by agreeing that the time in which the court would determine which property was marital property would be extended beyond 90 days after the divorce decree. At issue is the following language of section 3-6A-05 (a):

In granting an absolute divorce or annulment, or

at any time within 90 days thereafter, if in its decree granting the divorce or annulment, the court has expressly reserved the power to do so, the court *shall* determine which property is marital property if the division of property is at issue. [Emphasis added].

The question then arises as to whether or not the court had jurisdiction to make any determination concerning marital property. It is perfectly obvious that had the trial judge made this determination at the time he granted the divorce his action would have been binding. Instead, the judge reserved the issue of marital property extending his jurisdiction for the ninety day period allowed in section 3-6A-05 (a). However, having failed to designate the marital property within this time, the court lost jurisdiction and any determination thereafter concerning the appellee's pension rights were nugatory. The parties could not confer jurisdiction by consent where the jurisdiction did not exist under the appropriate law; this deficiency may be raised at any time. *Stewart v. State,* 287 Md. 524, 527, 413 A.2d 1337, 1339 (1980).

This leaves us with the complaint of the appellant that the chancellor erred in awarding her $50.00 per week permanent alimony. In the Opinion and Order of the trial court the court addressed the question of alimony as follows:

After considering the facts surrounding the divorce, such as the Defendant's alcoholic behavior which caused the Plaintiff to have domestic help, including a cook through the developing years of the children, and the Plaintiff's adultery which, while not the cause of the dissolution of the marriage, must still be considered by the court in award of alimony, it is the opinion of this Court that the $50 per week previously ordered to be paid by the Plaintiff to the Defendant shall be continued and be permanent alimony.

It is clear that the trial court failed to take into consideration the facts controlling an award of alimony such as

> the husband's wealth and earning capacity, the station in life of the parties, the assets and income of the wife, their ages, physical conditions and ability to work, the length of time the parties lived together and circumstances leading to the divorce and the fault that destroyed the marital relationship.

*Sody v. Sody,* 32 Md. App. 644, 658, 363 A.2d 568, 577 (1976). *See also Waters v. Waters,* 191 Md. 436, 62 A.2d 250 (1948); *Quinn v. Quinn,* 11 Md. App. 638, 276 A.2d 425 (1971). We are constrained to conclude that the trial judge failed to give proper consideration to the award of alimony. Therefore, we shall remand this matter for further consideration of that question.

> *Judgment reversed.*
> *Case remanded for further proceedings.*
> *Costs to be divided equally between appellant and appellee.*