493 A.2d 1105

**Letha E. TICER**

v.

**Lloyd D. TICER.**

**No. 1530, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

June 14, 1985.

Harry Goldman, Jr., Baltimore (Goldman and Skeen, P.A., Baltimore, on brief), for appellant.

Mark A. Van Bavel, Baltimore (Walker, Rubin & Van Bavel, P.A., Baltimore, on brief), for appellee.

Argued before WEANT, ROSALYN B. BELL and KAR-WACKI, JJ.

ROSALYN B. BELL, Judge.

In this case, we apply the section of the Property Disposition in Annulment and Divorce Act (Marital Property Act), that designates the period during which the determination of marital property must be made. This already complex issue has become more complicated in that the events of the case began while the original Act of 1978 was in effect, but continued into the effective period of an amendment to the Act in 1982—the 1978 provision required the determination to be made within a 90-day period, and the 1982 version allowed the parties to consent to an extension of that time.

On January 2, 1979, Letha Ticer filed suit for divorce and other relief against Lloyd D. Ticer. On September 27, 1979, the Circuit Court for Baltimore City granted a Decree of Divorce *A Vinculo Matrimonii* to Mrs. Ticer. With respect to the question of marital property, the Decree provided:

"[I]t is FURTHER ORDERED that the Court shall retain jurisdiction of the prayers of plaintiff for relief as to her equitable share, if any, in the marital property of

the parties and in the property of the husband as prayed in the original Bill of Complaint."

On January 25, 1980, Mrs. Ticer moved for a hearing on the issue of "division of personal property" under the Marital Property Act, as prayed in the original Bill of Complaint, and as reserved by the court in its Decree. On February 3, 1982, the court entered an Order stating:

"By agreement of counsel in open court on February 5, 1981, this case is referred to one of the standing auditors of this Court for the purpose of evaluation and appraisal of the monetary value of the interest of the Defendant, Lloyd Ticer, in the C & P Telephone Employees Pension, Disability and Death Benefit, in the event the Court shall determine that the Plaintiff, Letha Ticer, is entitled to any interest in said Plans, pursuant to Jurisdiction [sic] retained by this Court under the Decree of Divorce dated September 27, 1979."

Extensive testimony was taken before an auditor on September 17 and October 15, 1982, and an evaluation was made of the Pension Plan. The auditor filed his report on March 1, 1983, giving the Pension Plan a present value of $53,250.24. He recommended to the court that the amount be disallowed because it had lost jurisdiction; specifically, he stated:

"The Auditor, in accordance with the Order of Referral, has determined the pension values as set out herein, but further recommends that the Court disallow the pension benefits as part of marital property since the parties have failed to designate it as part of such property within ninety (90) days of the divorce decree and that the Court no longer has jurisdiction."

The auditor advised the parties of their right to file exceptions to the Report and Recommendations, and Mrs. Ticer did so on several grounds. At the hearing on her motion, the Court overruled the Exceptions based on the parties' failure to designate the pension benefits as marital property within ninety days of the divorce decree. Mrs.

Ticer appeals alleging that the court erred in ruling that it had lost jurisdiction.

## HISTORY

On February 27, 1976, Governor Marvin Mandel established the Governor's Commission on Domestic Relations Laws. The Commission was charged with undertaking

"a complete study of the constitutional, statutory, and common law concerning domestic relations, including the laws concerning marriage, the dissolution of marriage, the rights and obligations attendant upon or accruing from each, and the procedures for resolving and adjudicating domestic disputes."

The Commission decided that "the urgency of need" required it to devote its efforts first to a proposal on the disposition of property in connection with a divorce or annulment. The original work product was introduced to both houses of the General Assembly on January 24, 1978, prefaced

"AN ACT concerning Divorce and Annulment—Disposition of Property

FOR the purpose of granting certain courts of this State the authority to make monetary awards and provide for the disposition and use of property under certain circumstances in conjunction with a divorce or annulment."

The proposed Act included a provision for the length of time within which the court could determine what property was marital property. As originally drafted by the Commission, the section specified

"3-6A-05. MONETARY AWARD IN ADJUSTMENT OF PARTIES' RIGHTS IN MARITAL PROPERTY.

(A) IN GRANTING A DIVORCE OR ANNULMENT, OR AT ANY TIME WITHIN 12 MONTHS THEREAFTER IF IN ITS DECREE GRANTING THE DIVORCE OR ANNULMENT THE COURT HAS EXPRESSLY RESERVED THE POWER TO DO SO, THE COURT MAY DETERMINE WHICH PROPERTY IS

MARITAL PROPERTY." H.Bill 949 and S.Bill 604 (Md. 1978).

Prior to passage of the Act,[1] this language was amended to reduce the time within which the court could act:

"3–6A–05 Monetary Award

(a) In granting an absolute divorce or annulment, or at any time within *90* days thereafter, if in its decree granting the divorce or annulment the court has expressly reserved the power to do so, the court shall determine which property is marital property if the division of property is an issue." (emphasis added)

These versions of the statute, along with their interpretations, are at issue in this appeal.

The Court of Special Appeals decided that the provision as enacted was jurisdictional in *Russell v. Russell*, 50 Md.App. 185, 436 A.2d 524 (1981). The chancellor in *Russell* granted a divorce, reserved the right to make the marital award, and set a hearing within the ninety-day period; he held the hearing within that time but made no determination as to what was marital property. Even though both parties acquiesced in the reservation, this Court held that the court lost jurisdiction because it failed to designate the marital property within the statutory time period. *Id.* at 187, 436 A.2d 524.

The Legislature promptly responded to the *Russell* decision with an amendment. The proposed change was introduced and passed on May 20, 1982, as emergency legislation to

"apply to all divorce and annulment proceedings pending before the court in which a determination under this Act has not been made as of the date of the enactment of this Act."

The new section provided as follows:

"§ 3–6A–05. Monetary Award.

---

1. The amended version of the Act was adopted on April 10, 1978.

(a)(1) In granting an absolute divorce or annulment, or at any time within 90 days thereafter, if in its decree granting the divorce or annulment the court has expressly reserved the power to do so, the court shall determine which property is marital property if the division of property is an issue. If the court has reserved the power to make the determination, the court may within the time reserved further extend the time for making the determination with the consent of the parties."

Shortly after this enactment, the Court of Appeals had occasion to interpret the 1978 legislation. *Brodak v. Brodak*, 294 Md. 10, 447 A.2d 847 (1982).[2] The Court pointed out that it had not been requested to review the *Russell* decision, but volunteered that it disagreed "with the concept that because of the delay 'the court lost jurisdiction....' " 294 Md. at 14, 447 A.2d 847. The *Brodak* opinion held that the trial court retained jurisdiction over the subject matter, explaining that nothing in the statute indicated an intent on the part of the General Assembly to strip the court of jurisdiction. *Id.* at 17, 447 A.2d 847. In addition, the Court said that the "shall" in the statute was mandatory; thus, if the marital property was not determined within the specified time, the issue became one of ascertaining the appropriate sanction. *Id.* at 24–25, 447 A.2d 847.

The Court specifically distinguished *Brodak* from *Russell, supra,* stating that in *Russell* the sanction imposed was appropriate because the litigants were at fault. In *Brodak*, however, the chancellor reserved the issue but did not designate the property until the ninety-first day. The sanction of refusal to designate the marital property which, in turn, resulted in the loss of a monetary award was inappropriate because the arbiter (the circuit court) caused the delay. Hence, *Brodak* established a test of fault.

A later modification of the statute appears in the new Family Law Volume, Md.Family Law Code Ann., § 8–203, effective October 1, 1984:

---

**2.** *Brodak* was decided on July 21, 1982.

"(a) *Time of court action.*—In a proceeding for an annulment or an absolute divorce, if there is a dispute as to whether certain property is marital property, the court shall determine which property is marital property:

(1) when the court grants an annulment or an absolute divorce;

(2) within 90 days after the court grants an annulment or divorce, if the court expressly reserves in the annulment or divorce decree the power to make the determination; or

(3) after the 90-day period if:

(i) the court expressly reserves in the annulment or divorce decree the power to make the determination;

(ii) during the 90-day period, the court extends the time for making the determination; and

(iii) the parties consent to the extension."

While this recodification does not change the existing law, it specifically identifies the requirements for the exception.

## THIS CASE

■ The threshold question here is which law applies: the original § 3–6A–05, passed by the legislature in 1978, or the 1982 amended version. Appellant contends that the May 1982 amendment is controlling. Appellee argues that regardless of which provision applies, appellant cannot prevail.

Initially, we need to review what occurred in the case *sub judice.* The court entered a decree of divorce, in which it purported to retain jurisdiction to determine the marital property of the parties. Since the court made no specific time reservation, it in effect was open-ended. The court, however, could not extend the time for a period longer than the 90 days permitted under the Act at that time. No determination of the marital property was made or requested during this period.

■ The application of *Brodak* is clear: where no determination is made within 90 days and the fault does not lie

solely with the arbiter, imposition of the sanction that prohibits the court from acting is proper. Appellant contends that *Brodak* is not conclusive because the matter remained unresolved in May 1982. The words of the amendment specify that it applies to all pending proceedings in which no determination was made as of the date of enactment. Even if we were to agree with appellant on this point, she still would not prevail.

■ Section (a)(1) of the 1982 Act explicitly provides that, if the issue arises, the court shall determine which property is marital property either when it grants a divorce or annulment, or within ninety days thereafter if the court has reserved the power to do so. Once there has been a reservation, the court may further extend the time for making the determination upon the consent of the parties. Thus, when the designation is not made at the time of the divorce, a two-step process ensues: (1) the court may reserve the power to make the determination for ninety days; and (2) if the court has not made the designation during that time, the period may be further extended with the *consent* of the parties. The plain meaning of the Statute supports this interpretation.

In the present case, the court attempted to reserve the issue beyond the statutory period, but the parties did not consent to the extension during the ninety-day period. As a result, the ruling in *Brodak* applies: the parties failed to comply with the requirements necessary to extend the time beyond the statutory period; the sanction of prohibiting the court from acting, therefore, is appropriate.

In further support of our reading of the Statute, we note, as we have often done before, that a cardinal rule of statutory construction is to ascertain and to carry out the real legislative intent. *Management Personnel Services, Inc. v. Sandefur,* 300 Md. 332, 341, 478 A.2d 310 (1984); *Police Comm'r v. Dowling,* 281 Md. 412, 379 A.2d 1007 (1977). The Legislature originally reduced the time for making a determination of marital property from 12 months

to 90 days indicating an intention that the decision not be delayed. When the Legislature amended the Act because of the *Russell* decision, they retained the reservation provision, but permitted the parties to extend that period if they consented during the 90 days. In effect, the parties could avoid the sanction of dismissal by indicating their mutual consent, but they had to do so within the time stated in the Act.

Appellant relies on the agreement to refer the case to an auditor given in February of 1981 to fulfill the requisite consent permitted in the May 1982 amendment. Appellant further points out that she did not know within the 90 days that the pension was potential marital property—that issue was not decided until July 15, 1981,[3] in *Ohm v. Ohm,* 49 Md.App. 392, 431 A.2d 1371 (1981). Neither of these assertions affects our conclusion.

The statute does not allow the parties to confer jurisdiction on the court by consent. Rather, it allows them to consent to a waiver of the requirement that the court decide the marital property issue within 90 days of the divorce. If the statute merely stated that the parties must consent to the extension, they could do so in any reasonable manner. It specifically requires, however, that the consent be made during the 90-day period. Hence, failure to comply with the terms of the Act renders the consent ineffective. *See* 82 C.J.S. *Statutes, Presumptions to Aid Construction* § 316b (1953) ("[I]t will be presumed that the legislature understood the meaning of the words it used, and that it intended to use them ... [and] it will be presumed that the legislature used the words in their ordinary and common meaning...." [footnotes omitted] ).

Appellant did not move for a hearing until well beyond the 90th day after the granting of the divorce. We hold that appellant cannot prevail under either Act. Pursuant to

---

**3.** This was a year and a half after the motion for the hearing, and six months after the agreement that the matter be referred to the auditor.

**738**

the original act, consent would not preclude the sanction. Although the amendment allowed an extension upon consent, none was given in this case until after the 90 days had expired; the sanction, therefore, was not avoided.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.