613 A.2d 1015

Alfred Millman LOHMAN, Jr.

v.

Melva Lee LOHMAN.

No. 1927, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Oct. 6, 1992.

Edward John Skeens, Suitland, for appellant.

Terrence J. McGann (Dugan & McGann, P.A., on the brief), College Park, for appellee.

Argued Before BISHOP, GARRITY and ROSALYN B. BELL, JJ.

BISHOP, Judge.

Appellant, Alfred Millman Lohman, Jr., appeals from a dismissal, by the Circuit Court for Prince George's County, of appellant's Petition to Adjudicate Marital Property of the Parties. Appellant raises two issues:

I. Whether the circuit court has jurisdiction to adjudicate marital property and alimony sought by a non-resident husband more than 90 days after granting the wife, a Maryland resident, an absolute divorce based upon substituted service of process.

II. Whether Maryland family law requires the circuit court to determine which property is marital only when both parties are before the court and a dispute exists as to which property is marital.

## FACTS

Appellant, Alfred Millman Lohman, Jr., and appellee, Melva Lee Lohman, were married May 7, 1954, in Washington, D.C. During the course of their marriage, appellant and appellee acquired substantial amounts of real and personal property. On or about April 29, 1987, the parties separated, but continued to reside in Prince George's County.

On June 20, 1989, appellee filed a Complaint for Absolute Divorce and a Petition for Ex Parte Injunction after appellant threatened to remove appellee's belongings from her place of residence. The court granted the Ex Parte Injunction the same day. Appellant was served with the Ex Parte Injunction. Although the Petition for Ex Parte Injunction contained a statement that appellee was also filing a Complaint for Absolute Divorce, appellant claims that he was not served with a copy of either the petition or the complaint. The certification of service filed by appellee's counsel refers only to service of the injunction itself.

Upon receipt of the Ex Parte Injunction, appellant absconded without notifying his family, friends or appellee of his whereabouts. After appellee's unsuccessful attempts to locate and serve appellant with the Complaint for Absolute Divorce, the circuit court granted appellee's Motion for Leave to Proceed by Posting Order of Publication on February 2, 1990, in accordance with Maryland Rules 2–121 and 2–122.

Appellant filed no answer and failed to appear at the circuit court hearing to contest the complaint; therefore, an Order of Default was granted on June 27, 1990. A Judgment of Absolute Divorce was entered on September 18, 1990.

On June 27, 1991, over one year after he disappeared, appellant filed a Petition to Adjudicate Marital Property. Appellee filed a Motion to Dismiss. After oral argument, the circuit court granted appellee's motion, with prejudice.

## DISCUSSION

### I and II

■ Appellant contends that the circuit court has jurisdiction to adjudicate alimony and marital property after a marital relationship has been severed by an absolute divorce when, at the time of the divorce, the court did not have *in personam* jurisdiction over the party asserting rights to alimony and marital property. Appellant argues that appellee obtained improper jurisdiction over appellant and, therefore, the absolute divorce granted to appellee was *ex parte,* which allows the circuit court jurisdiction to award alimony and make a monetary award over 90 days after the divorce.

It is a long standing rule in Maryland that once a divorce is granted and becomes final, the right to award alimony terminates. *Wilson v. Wilson,* 87 Md.App. 547, 552–53, 590 A.2d 579 (1991) (*quoting Altman v. Altman,* 282 Md. 483, 490–92, 386 A.2d 766 (1978); *Upham v. Upham,* 238 Md. 261, 265, 208 A.2d 611 (1965)). This rule is codified in § 11–101(a) of the Maryland Annotated Code Family Law Article, which states:

(a) *Where available.*—The court may award alimony:

(1) on a bill of complaint for alimony; or

(2) as a part of a decree that grants:

(i) an annulment;

(ii) a limited divorce; or

(iii) an absolute divorce.

In *Dackman v. Dackman,* 252 Md. 331, 250 A.2d 60 (1969), *overruled on other grounds by Eastgate Assoc. v. Apper,* 276 Md. 698, 350 A.2d 661 (1976), the Court elected to depart from this traditional rule and permitted a claimant to recover alimony where a foreign divorce is obtained by the opposite spouse without personal jurisdiction over the claimant who resides in this state. *See Altman,* 282 Md. 483, 386 A.2d 766. The rationale behind this exception is that there is no justification in permitting a foreign court's divorce decree to endanger a claimant's material well-being by terminating the support rights of the claimant without

considering the claimant's scope of need. *Id.* The *Altman* court stated that such an exception is based upon "Maryland's predominant interest in safeguarding the economic security of its domiciliaries who suffer loss of financial support at the hands of an itinerant spouse". 282 Md. at 493, 386 A.2d 766.

In the case *sub judice*, Maryland's predominant interest requires this court to abide by the long standing rule as opposed to the *Dackman* exception. The case before us is distinguished from *Dackman* and its progeny, because there is no foreign divorce, but rather a Maryland divorce granted to a resident of Maryland against an absconding spouse who clearly attempted to evade process.

In the Petition for Ex Parte Injunction there is a representation that the appellee filed a complaint for absolute divorce, which contained prayers for other relief and for a rule to show cause. Although appellant was never personally served with the complaint, he was on notice of some pending action when he received the Ex Parte Injunction. He failed to take any action to determine the bases for the injunction. Had he reviewed the court records, which included the injunction, it would have been crystal clear to him that a petition for absolute divorce had been filed. Instead of acting in a responsible way, he absconded from the State in an effort to avoid service. Specifically, appellant left the State, "went who knows where[,]" and did not contact appellee after leaving.

In light of appellant's disappearance, the order of publication was proper service of process according to Maryland Rules 2–121 and 2–122. Rule 2–121 provides that

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the

place of business, dwelling house, or usual place of abode of the defendant.

Rule 2–121(b).

It further states that

When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this rule is inapplicable or impracticable, the court may order means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.

*Id.* Rule 2–121(c).

Rule 2–122 adds that

when the plaintiff has shown by affidavit that the whereabouts of the defendant are unknown and that reasonable efforts have been made in good faith to locate the defendant, the court may order service by the mailing of a notice to the defendant's last known address and: ... by the posting of the notice by the sheriff at the courthouse door or on a bulletin board within its immediate vicinity, or ... by publishing the notice ...

Appellee filed an affidavit indicating that appellant absconded from the State, and that service of process was attempted but was returned and marked "unclaimed." Appellee then effected service by mailing a copy of the Order of Publication to the appellant at his last known address, and posting a copy of the order on the courthouse door. Thus, appellee complied with Maryland Rules 2–121 and 2–122, and appellant received fair notice of the impending hearing. *See Clearail v. Mardirossian,* 84 Md.App. 497, 509, 581 A.2d 36 (1990), *rev'd on other grounds,* 324 Md. 191, 596 A.2d 1018 (1991), *citing Mooring v. Kaufman,* 297 Md. 342, 355, 466 A.2d 872 (1983) (the delivery element of Rule 2–121 is intended to serve, to some degree, a notice-giving function); *see also Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia,* 523 F.Supp. 1076 (D.Md.1981) (courts will

examine whether service given under Rule 2–121 afforded defendant due process of law).

The record does not indicate that appellant was a resident of any other state, therefore, jurisdiction was properly obtained and the absolute divorce was not an *ex parte* judgment, but a default judgment in accordance with Maryland Rule 2–613. *See Wilson,* 87 Md.App. at 552, 590 A.2d 579 (divorce not granted *ex parte* is distinguished from that in *Altman*). Under these facts, the divorce became final upon judgment and appellant is not entitled to have the alimony issue considered by the court.

■ The same reasoning applies to the marital property because the disposition of the marital property must be made in accordance with the requirements of § 8–203(a) of the Maryland Annotated Code Family Law Article which provides:

(a) *Time of court action.*—In a proceeding for an annulment or an absolute divorce, if there is a dispute as to whether certain property is marital property, the court shall determine which property is marital property:

(1) when the court grants an annulment or an absolute divorce;

(2) within 90 days after the court grants an annulment or divorce, if the court expressly reserves in the annulment or divorce decree the power to make the determination; or

(3) after the 90–day period if:

(i) the court expressly reserves in the annulment or divorce decree the power to make the determination;

(ii) during the 90–day period, the court extends the time for making the determination; and

(iii) the parties consent to the extension.

In *Randolph v. Randolph,* 67 Md.App. 577, 583, 508 A.2d 996 (1986), we held that § 8–203(a) does not apply to situations involving foreign divorces. "It applies to proceedings in this state for an annulment or an absolute divorce." *Id.*

In *Russell v. Russell,* 50 Md.App. 185, 436 A.2d 524 (1981), unlike the case *sub judice,* the parties agreed to extend the time for making the determination of a monetary award beyond the 90 day period, but the court decree was filed after the agreed period expired. This Court held that the trial court lost jurisdiction to make the determination of a monetary award, and that the determination made by the court was a nullity because "the parties could not confer jurisdiction by consent where the jurisdiction did not exist...." 50 Md.App. at 187, 436 A.2d 524, *cited in Williams v. Williams,* 71 Md.App. 22, 28, 523 A.2d 1025 (1987).

The case *sub judice* does not involve a foreign divorce which was granted *ex parte.* Moreover, the appellant and appellee made no express reservation or agreement in accordance with § 8–203(a) to extend the time beyond the 90 day period to make a monetary award. Since appellant failed to initiate the proceeding within the mandated statutory time frame, the circuit court does not have authority to make a monetary award. *Id.*

We do not agree with appellant's contention that § 8–203(a) is inapplicable because no "dispute" existed at the time of the absolute divorce. In *Randolph,* this court stated:

> § 8–203(a) *requires* the court to make its determinations respecting marital property either when the court grants an annulment or an absolute divorce or within ninety days after the court grants an annulment or divorce, if it expressly reserved the right to do so in the annulment or divorce decree.

(Emphasis added.) 67 Md.App. at 583–84, 508 A.2d 996. Our interpretation of § 8–203(a) in *Randolph* makes no reference to the literal requirement of a dispute.

In failing to answer the complaint for absolute divorce or to appear at the hearing, appellant has waived his rights to alimony or a monetary award because of the finality of the divorce and the laws pertaining to alimony and to marital

property. A party may not thwart the adjudication of marital rights by avoiding service and then take advantage of the situation he created by claiming an exception, which was created to protect those whose rights have unknowingly been extinguished. We believe that this principle is implicit in *Altman.* Appellant is, therefore, forestalled from any hearing in the circuit court on alimony or a monetary award and has no claim to items owned by appellee. *See Meyer v. Meyer,* 41 Md.App. 13, 21, 394 A.2d 1220 (1978) (divorce *a vinculo matrimonii* terminates all rights of either spouse which are dependent upon marriage and not vested).

Appellant alleges that there is substantial property that was owned by both parties during their marriage. Appellant's rights to alimony or relief under the Marital Property Law are different from his legal rights resulting from title to property. The fact that appellant is not entitled to alimony or relief under the Marital Property Law does not prevent him from asserting his rights to real and personal property owned in common by appellee and appellant. Appellant is entitled to any legal interest he may have in the property at issue.

Divorce does not effect ownership by title to real or personal property. *See Herget v. Herget,* 319 Md. 466, 471, 573 A.2d 798 (1990) (court has no power to alter title to real or personal property upon divorce except as to pensions, retirement plans, profit sharing and deferred compensation). The effect of an absolute divorce upon parties holding title to property as tenants by the entirety is to sever tenants by the entirety and create a tenant in common interest for each party. *Bruce v. Dyer,* 309 Md. 421, 428, 524 A.2d 777 (1987); *Dobbyn v. Dobbyn,* 57 Md.App. 662, 682 n. 8, 471 A.2d 1068 (1984); *Grant v. Zich,* 300 Md. 256, 270, 477 A.2d 1163 (1984) (property of one which is transferred to both as tenants by the entirety is presumed to be a gift and donee is entitled to one half of such property upon dissolution of marriage); *Hall v. Hall,* 32 Md.App.

363, 384, 362 A.2d 648, *cert. denied,* 278 Md. 723 (1976) (*citing Tucker v. Dudley,* 223 Md. 467, 164 A.2d 891 (1960)) (upon a divorce, parties are entitled to their respective real property interests as tenants in common); *Reed v. Reed,* 109 Md. 690, 72 A. 414 (1909) (wife's conveyance of property to herself and her husband gave husband rights of tenant in common); *Blenard v. Blenard,* 185 Md. 548, 560–61, 45 A.2d 335 (1946) (all transfers or gifts between a husband and wife or from others during marriage abide after a divorce); *Hall v. Hall,* 180 Md. 353, 355, 24 A.2d 415 (1942) (transfer of property during marriage shall abide after divorce).

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.