631 A.2d 514

**James Thomas SPEROPULOS**

v.

**Norma Jean SPEROPULOS.**

**No. 92, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Oct. 5, 1993.

Thomas J. Gagliardo, Silver Spring, for appellant.

No brief or appearance by appellee's counsel.

Argued before BISHOP, ALPERT and DAVIS, JJ.

DAVIS, Judge.

James Thomas Speropulos appeals from an order of the Circuit Court for Montgomery County awarding Norma Jean

West[1] alimony of $200 per month for three years and a monetary award of $4,650. Ms. West sued Mr. Speropulos for divorce, which was granted on Mr. Speropulos's counterclaim of separation. The circuit court entered a Judgment of Absolute Divorce on December 12, 1991 and reserved jurisdiction as to property. Following a separate hearing, the Domestic Relations Master issued her "Report and Recommendations," pursuant to which Ms. West was to receive alimony, a monetary award, and attorney's fees. Both parties filed timely exceptions. The circuit court adopted the Master's recommendations concerning alimony and the monetary award but declined to award attorney's fees.

Ms. West notified this Court that she would not be filing an appellee's brief. Mr. Speropulos presents the following issues:

1. Whether the circuit court erred in awarding Ms. West alimony when there was no finding that she either was in need of rehabilitation or that the respective post-divorce standards of living of the parties would be unconscionably disparate.

2. Whether there was any legal authority for the imputation of income to Mr. Speropulos.

3. If the circuit court had authority to impute income to Mr. Speropulos, was there a factual predicate for imputing income to him in this particular case?

4. Whether, in making a monetary award, the circuit court could treat vehicles used in Mr. Speropulos's business as separate assets with a positive value, rather than as part of the business, the liabilities of which exceeded its assets, even if the vehicles were included.

## FACTS

The parties were married on April 23, 1977. No children were borne of the marriage. They separated September 19, 1989 and were divorced by Judgment of Absolute Divorce on

---

[1]. The trial judge granted appellee's request to restore her former name.

December 12, 1991. The Judgment of Divorce reserved jurisdiction as to property.

During the course of the marriage, the parties lived at a modest level in small rented apartments. Ms. West worked as a cosmetologist, helped manage the apartment building titled in Mr. Speropulos's and his mother's name, and answered the phones and dispatched the employees for Mr. Speropulos's air conditioning and heating business.

After the couple's separation, Ms. West earned her General Equivalency Degree (GED). At the time of their divorce, Ms. West earned approximately $16,500 a year as a counselor's aide at the Maryland Treatment Center. Mr. Speropulos had a reported income of $13,194.25 in 1990; $11,010 in 1991; and a projected 1992 income of $16,900.

Pursuant to an Order of Referral, a Domestic Relations Master heard testimony from the parties and issued a "Report and Recommendations" to the circuit court. In her findings, the Master imputed to Mr. Speropulos $30,000, approximately the same income as that earned by his highest paid employee. The Master recommended awarding Ms. West $200 per month alimony.

As to marital property, the Master found Mr. Speropulos's business, valued at $22,650 with liens totalling $34,500, had no value for marital property purposes. Three vehicles used in the business, but not included in the Master's calculation of the business's value, have a net value of $9,300. The value of the vehicles was considered by the Master to constitute a separate asset of the marital estate, and the Master recommended awarding one-half of this amount ($4,650) to Ms. West as a monetary award. The circuit court adopted the Master's recommendations concerning the monetary award and alimony in its Order of September 28, 1992.

## LEGAL ANALYSIS

### Alimony

Mr. Speropulos contends that the circuit court erred in awarding Ms. West alimony because Ms. West failed to show a

need for rehabilitation, the respective post-divorce standards of living of the parties would not be unconscionably disparate, and the Master improperly imputed income to Mr. Speropulos even though he had not voluntarily impoverished himself. We unfortunately cannot reach the merits of these contentions because the circuit court did not have jurisdiction to award Ms. West any alimony.

Pursuant to a *pendente lite* order, Ms. West received $200 alimony on or about February 1, 1990. The order denied additional *pendente lite* alimony "pending further Order of Court." On September 27, 1991, a consent order awarded Ms. West an additional $1500 *pendente lite* alimony.

The purpose of alimony *pendente lite* is to maintain the status quo of the parties pending the final resolution of the divorce proceedings. *See James v. James,* 96 Md.App. 439, 450, 625 A.2d 381 (1993); *Wilson v. Wilson,* 87 Md.App. 547, 553, 590 A.2d 579 (1991). A final divorce decree supersedes a previous order for alimony *pendente lite. Lewis v. Lewis,* 219 Md. 313, 315, 149 A.2d 403 (1959). We therefore find that the award of alimony *pendente lite* is insufficient to reserve the issue of permanent alimony subsequent to a final divorce decree.

In Maryland, the right to claim alimony is "extinguished at the time of the severance of the marital relationship." *Altman v. Altman,* 282 Md. 483, 490, 386 A.2d 766 (1978); *Brewster v. Brewster,* 204 Md. 501, 506–07, 105 A.2d 232 (1954). Therefore, if a court fails to reserve the right to award alimony, it cannot thereafter make such an award. *Turrisi v. Sanzaro,* 308 Md. 515, 522, 520 A.2d 1080 (1987).

The circuit court granted Mr. Speropulos a divorce on his counterclaim of voluntary separation, restored to Mrs. Speropulos the use of her former name, and reserved jurisdiction over "all property issues including monetary award, if any . . . for future determination." The court did not award alimony, reserve jurisdiction over the issue of alimony in specific terms, or utilize sufficiently broad terminology to reserve alimony, such as " 'this court shall have continuing jurisdiction in these

proceedings.' " *Flood v. Flood,* 16 Md.App. 280, 286, 295 A.2d 784 (1972), quoting *Reed v. Reed,* 11 Md.App. 396, 274 A.2d 652 (1971). The Judgment of Absolute Divorce was filed December 20, 1991. On October 1, 1992, the circuit court awarded $200 per month alimony.

Title 11 of the Family Law Article, Annotated Code of Maryland governs the awarding of alimony. The Court of Appeals held that this codification did not alter the traditional distinction between alimony and the disposition of property. *McAlear v. McAlear,* 298 Md. 320, 469 A.2d 1256 (1984). We find that a reservation as to "all property issues" is insufficient to retain jurisdiction over the issue of alimony and, therefore, the circuit court did not have jurisdiction to award Ms. West permanent alimony. The judgment of the circuit court awarding alimony to Ms. West is hereby reversed.

### Marital Property

■ Mr. Speropulos contends the circuit court erred by considering the three vehicles as assets distinct from his business. Here, unlike other cases, we do not have a question about what is marital versus non-marital property. The vehicles and the business are admittedly marital property.

Before a court makes a marital property award, it must follow the three-step process outlined in Md.Fam.Law Code Ann. §§ 8–201 through 8–205 (1991). The court must determine which property is marital property, determine its value, and, if it deems necessary, make a monetary award as an adjustment of equities and rights of the parties. Mr. Speropulos contends that the circuit court erred in the second step, the valuation of marital property.

■ A marital debt is a debt that is directly traceable to the acquisition of marital property. *Schweizer v. Schweizer,* 301 Md. 626, 636, 484 A.2d 267 (1984). When valuing marital property, the court must value separately each item of marital property. *Green v. Green,* 64 Md.App. 122, 142, 494 A.2d 721 (1985). Marital debt used to acquire one marital

asset cannot be used to offset the value of a separate marital asset. *Id.* at 146, 494 A.2d 721.

Ms. West indicated that the vehicles were purchased for and used by the heating and air conditioning business and were thus admittedly business vehicles. The vehicles are therefore as much business equipment as an office computer or photo-copier and should have been included in the valuation of the business.

The master's calculation of the fair market value of the business—$22,650—included the inventory of air conditioners, tools, and office supplies and equipment. This was offset by approximately $34,500 of business debt, which included adver-tising, inventory, and employee back pay. Since vehicles are as much a part of the business as inventory or office equip-ment, it was arbitrary for the master to include the office equipment but not the vehicles. Either each piece of office equipment and inventory is a separate marital asset or the aggregate of equipment and inventory, *i.e.*, the business as a whole, is a single marital asset. The master should not have aggregated part of the business to reach a zero value and then aggregate another part of the business to reach a positive value on which to base a marital award.

The air conditioning and heating business, as a whole, represents a single marital asset. Since the business, includ-ing the value of the vehicles, has no value for marital property purposes, the monetary award should not have been granted. We therefore reverse the judgment of the circuit court award-ing $4,650 to Ms. West as a monetary award.

**ORDER OF THE CIRCUIT COURT FOR MONTGOM-ERY COUNTY REVERSED.**

**COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEE.**